[Civ. No. 5300. First Appellate District, Division One.—February 23, 1927.]

MARY HORNEY, Respondent, v. D. B. DILLINGHAM et al., Appellants.

[1] NEGLIGENCE — INJURY TO PASSENGER ON AUTOSTAGE — EVIDENCE— VERDICT.—In this action for damages for personal injuries sustained by plaintiff when an autostage, in which she was traveling as a passenger for hire, overturned, in view of the testimony, the questions whether due care was used in the operation of the stage and by plaintiff in continuing as a passenger therein without protest, knowing the condition of the lights to be poor, were for the jury, and their verdict thereon was reasonably supported.

[2] ID.—PLEADING—RES IPSA LOQUITUR.—Where the complaint alleges specifically the negligent acts or omissions complained of, the doctrine of *res ipsa loquitur* does not apply, and this for the reason that in such case the plaintiff can recover only by proof of one or more of the specific acts or omissions alleged, and when the evidence adduced by the plaintiff shows the cause of the accident, the question of negligence is one to be determined by the jury without reference to the *prima facie* case resulting from the mere happening of the accident.

[3] ID.—CAUSE OF ACCIDENT DOUBTFUL—GENERAL ALLEGATION OF NEGLIGENCE — RES IPSA LOQUITUR — PROPER INSTRUCTION. — In such action, the trial court did not err in instructing the jury as to the doctrine of *res ipsa loquitur,* where negligence was alleged generally and the cause of the accident was not clearly or directly shown.

(1) 10 C. J., p. 1068, n. 84, p. 1159, n. 84.　(2) 10 C. J., p. 1028, n. 95, 97.　(3) 10 C. J., p. 1094, n. 21.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

B. P. Gibbs and W. I. Gilbert for Appellants.

Swaffield & Swaffield and Russell H. Pray for Respondent.

1. Personal care required of one riding in automobile driven by another as affecting his right to recover in case of collision with other automobile, notes, 18 A. L. R. 352; 22 A. L. R. 1301; 41 A. L. R. 778; 47 A. L. R. 293.

2. See 19 Cal. Jur. 713.

CASHIN, J.—An appeal by defendants from a judgment entered on a verdict for the plaintiff in an action to recover damages for personal injuries. The appeal is presented on the judgment-roll and a bill of exceptions.

Defendants were common carriers operating automobile stages between the cities of Whittier and Long Beach. The plaintiff on the. night of the accident was a passenger for hire on one of the stages mentioned, and was being transported from the town of Bellflower to the city of Long Beach.

The complaint alleged that while the stage was passing along the route mentioned, and while plaintiff was in the exercise of due care, the defendants "so carelessly and negligently managed said stage or automobile bus that as a result of such negligence and carelessness said automobile bus was run off the road into a ditch at the side of the main highway," causing the physical injuries of which plaintiff complains, to her damage in the sum alleged. These allegations were denied by defendants who, as a special defense, alleged that the night of the accident "being dark and rainy the plaintiff, knowing the lights on the stage to be poor, was guilty of negligence proximately contributing to her injuries by continuing as a passenger therein."

As grounds for reversal it is urged that the court erred in instructing the jury as to the doctrine of *res ipsa loquitur*, which defendants contend was inapplicable in view of the allegations of the complaint and the facts shown by the evidence; and, further, that the only conclusion reasonably to be drawn from the evidence supports the defense of contributory negligence.

In addition to the instructions mentioned the jury was instructed that the burden of proving negligence by a preponderance of the evidence rests upon the party alleging it.

The accident occurred between 8 and 9 P. M. of January 1, 1922. It was shown that the stage left Bellflower at about 8 P. M. and that the night was dark and stormy. The plaintiff testified that when she boarded the stage the headlights were burning and that she noticed nothing unusual in their condition; that after the stage started the driver mentioned that the lights were failing; that the stage was stopped at a filling station about three-quarters of a mile beyond Bellflower for the purpose of procuring new batteries,

but the station being closed the stage then proceeded at a speed of between fifteen and eighteen miles per hour to a point two miles farther on, where the accident happened, causing her injuries. The plaintiff further testified that she was unable to see the road ahead by means of the lights of the stage, and, though she believed there was risk in proceeding, she made no protest. The driver, who was called as a witness for the plaintiff, testified that, while the lights were failing, he was unable by that means to see the road ahead for a distance of twenty feet, which condition continued to the point of the accident; that in approaching that point he found the paved roadway to be covered with water to a depth of three or four inches for a distance of about two hundred feet, further testifying that he had previously passed over the submerged portion of the roadway and knew that the water was there; that shortly before reaching the point where the accident occurred the right front wheel of the stage left the pavement and later, as the stage proceeded, sank into a recently filled ditch about two feet to the right, causing the stage to partially overturn. This witness further testified that one of the springs of the automobile broke before the point of the accident was reached, and that for this reason he was unable to turn the stage back on the pavement.

[1] In view of this testimony the questions whether due care was used in the operation of the stage and by plaintiff in continuing as a passenger therein without protest, the lights being in the condition as testified by the driver, were for the jury, and their verdict thereon was reasonably supported.

Appellants offered no evidence as to the cause of the accident other than testimony as to the condition in which the stage was later found; nor is it contended by them that the evidence adduced by plaintiff was insufficient to support the inference that the accident was due to the negligence of the driver. [2] It is the rule that where the complaint alleges specifically the negligent acts or omissions complained of the doctrine of *res ipsa loquitur* does not apply, and this for the reason that in such case the plaintiff can recover only upon proof of one or more of the specific acts or omissions alleged (*Marovich* v. *Central Cal. T. Co.*, 191 Cal. 295 [216 Pac. 495]), and, as impliedly held in *Connor* v. *Atchison etc. Ry. Co.*, 189 Cal. 1 [26 A. L. R. 1462, 207 Pac. 378), when the

evidence adduced by the plaintiff shows the cause of the accident the question of negligence is one to be determined by the jury without reference to the *prima facie* case resulting from the mere happening of the accident. **[3]** In the instant case negligence was alleged generally (*Champagne* v. *Hamburger & Sons,* 169 Cal. 683 [147 Pac. 954]; *Sharpless* v. *Pantages,* 178 Cal. 122 [172 Pac. 384]; *Carnahan* v. *Motor Transit Co.,* 65 Cal. App. 402, 408 [224 Pac. 143]); and while certain facts connected with the accident appear from the testimony, the cause—whether a want of due care on the part of the driver, defects in the construction or mechanism of the stage which led to a loss of control, or the physical condition of the roadway—was not clearly or directly shown. In *Connor* v. *Atchison etc. Ry. Co., supra,* the court said: "Where the explanation leaves it doubtful as to whether or not the ultimate cause of the injury is the negligence of the party charged it is proper to instruct the jury as to the *res ipsa loquitur* doctrine"; and such is the rule as stated in effect in the following cases: *Lippert* v. *Pacific Sugar Corp.,* 33 Cal. App. 198, 208 [164 Pac. 810]; *Soto* v. *Spring Valley Water Co.,* 39 Cal. App. 187 [178 Pac. 305], it being further held in the cases last cited and in *Atkinson* v. *United Railroads,* 71 Cal. App. 82 [234 Pac. 863], that the plaintiff, by charging specific acts of negligence, is not as to the particular acts alleged thereby deprived of the benefit of the doctrine.

We are satisfied in view of the pleadings and the evidence, that the instructions complained of were proper.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 21, 1927.