[Civ. No. 4214. Third Appellate District.—November 22, 1930.]

BEN H. BRUMHALL, Respondent, v. D. SUTHERLAND et al., Appellants; PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation), Intervener.

Haas & Dunnigan for Appellants.

F. Britton McConnell and J. L. Kearney for Respondent.

Kenneth J. Murphy for Intervener.

MR. PRESIDING JUSTICE FINCH DELIVERED THE OPINION OF THE COURT.—This is an appeal by the defendants from a judgment for damages in favor of the plaintiff for personal injuries sustained by him in the fall of a hoist or elevator which was being used in the construction of a building.

At the time of the accident the plaintiff was engaged in unloading from the hoist platform, which was then stationary at the ninth floor of the building, steel pans, or forms, into which to pour concrete. While the plaintiff was so engaged the elevator platform fell with him to the ground, thereby causing the injuries in question. The defendant J. V. McNeil Company was the general contractor for the construction of the building. The defendant Sutherland was employed by the general contractor as hoisting engineer. The plaintiff was an employee of a subcontractor and, at the time of the accident, was working as such. The subcontractor had entered into a contract with the general contractor to install and remove the steel forms, or pans. The general contractor had constructed and was using four hoists. At the time of the accident the defendant Sutherland was the only hoistman, and he was alternately operating all four hoists, including the one which fell with the plaintiff. At that time that hoist was being operated under an agreement by the terms of which the subcontractor was to pay the general contractor for hoisting the forms at the rate of $2.25 an hour, including the services of Sutherland, the maximum load not to exceed 500 pounds. Immediately before the accident the hoist had been stopped at the ninth floor with a load of eight forms, weighing about fifty-eight pounds each. Sutherland, who had charge of all the hoists at that time, set the brake on the loaded hoist and went to

another hoist, about fifteen or twenty feet therefrom. The plaintiff and a fellow-workman then commenced to unload the hoist, it being necessary for them to step upon the hoist platform. Two forms were removed successfully, but when the plaintiff stepped on the platform to remove a third form the platform fell with him to the ground. The brake was still set when the platform reached the ground. The foregoing facts are stated in the light most favorable to the respondent, conflicting evidence being immaterial on appeal.

█  Sutherland was clearly an employee of the defendant company and under its control. (*Umsted* v. *Scofield Eng. Const. Co.,* 203 Cal. 224 [263 Pac. 799]; *Moss* v. *Chronicle Pub. Co.,* 201 Cal. 610 [55 A. L. R. 1258, 258 Pac. 88]; *Billig* v. *Southern Pac. Co.,* 189 Cal. 477 [209 Pac. 241]; *Stewart* v. *California Imp. Co.,* 131 Cal. 125 [52 L. R. A. 205, 63 Pac. 177, 724]; *Valdick* v. *LeClair,* 106 Cal. App. 489 [289 Pac. 673].)

█  The hoist being under the exclusive control of the defendants, and the accident being such as in the ordinary course of things does not happen, the maxim *res ipsa loquitur* applies and, in the absence of explanation by the defendants, an inference of negligence on their part arises. (*Ragin* v. *Zimmerman,* 206 Cal. 723 [276 Pac. 107]; *Michener* v. *Hutton,* 203 Cal. 604 [59 A. L. R. 480, 265 Pac. 238]; *Judson* v. *Giant Powder Co.,* 107 Cal. 549 [48 Am. St. Rep. 146, 29 A. L. R. 718, 40 Pac. 1020]; *Brown* v. *Davis,* 84 Cal. App. 180 [257 Pac. 877].)

█  The defendant offered to prove that "it is customary and usual practice among all construction operators who make elevators and skips and hoisting machines to rely generally upon the brakes when the machine has elevated the cage and stopped for unloading, and that it is never the custom of the engineer to watch the machine while not in motion and the brakes are set, or to remain with it during that time". The plaintiff's objection to such proof was sustained. Whether it is safe in any given case so to rely on the brakes necessarily depends upon the capacity of the hoist, the weight of the load thereon, the condition of the brakes, and whether they are properly set, all of which factors are left out of consideration in the offer of proof quoted. █  "Where evidence of a custom merely amounts

to an opinion of the ultimate fact of negligence, such evidence is not admissible.'' (25 Cal. Jur. 428; *Redfield* v. *Oakland C. S. R. Co.*, 112 Cal. 220, 224 [43 Pac. 1117]; See, also, *Perera* v. *Panama Pacific Int. Exp. Co.*, 179 Cal. 63, 67 [175 Pac. 454]; *Carroll* v. *Central Counties Gas Co.*, 96 Cal. App. 161, 165 [273 Pac. 875, 274 Pac. 594]; *People* v. *Crossan*, 87 Cal. App. 5, 16 [261 Pac. 531]; *Phoenix Assur. Co.* v. *Texas Holding Co.*, 81 Cal. App. 61, 75 [252 Pac. 1082].)

■ The trial court did not commit error in admitting in evidence a general construction safety order of the Industrial Accident Commission which had been served on the defendant company. (*McKeon* v. *Lissner*, 193 Cal. 297, 304 [223 Pac. 965]; *Barbieri* v. *Law*, 209 Cal. 429 [287 Pac. 464].)

■ The judgment is for $6,000. Appellants contend that the amount is so excessive that the verdict appears ''to have been given under the influence of passion or prejudice''. The principal injury suffered by the plaintiff was a fracture of the eighth dorsal vertebra. At the time of the trial, eighteen months after the accident, he was able to pursue his usual occupation only about one-third of the time. A physician called by the plaintiff testified that pain from the injury would probably continue ''indefinitely''. A physician called by the defendants testified: ''Any fractured vertebra leaves a certain amount of soreness and certain amount of limitation of movement at the seat of the fracture which disables him so far as heavy lifting is concerned, so far as heavy back work is concerned.'' Appellants' contention is not supported by the record.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 22, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 19, 1931.