[S. F. No. 13487. In Bank.—October 24, 1931.]

HERMAN R. MEYER, Respondent, v. JOHN T. TOBIN et al., Defendants; JAMES T. TOBIN, Appellant.

Barry J. Colding, Theodore Hale and Carroll B. Crawford for Appellant.

Joseph T. O'Connor and Leo Friedman for Respondent.

LANGDON, J.—This is an action for personal injuries. Defendant owned a concrete mixer which was being operated by his employees in certain construction work. The engine broke down and plaintiff was sent by his employer, O. F. Werner, to make necessary repairs. Plaintiff worked on the engine for several hours, and when his repairs were completed, defendant's employees put the mixer in motion to test it, and plaintiff followed closely behind to see how the engine was working. Part of the machinery consists of a container called a "skip", in which the materials to be mixed are placed and raised to the body of the mixer. The skip was raised and lowered several times during the course of the repairs, but was kept in a raised position while being moved. In the course of the progress of the mixer along the street the skip fell suddenly, striking and injuring plaintiff. He brought this action alleging negligence in general terms, relying upon the doctrine of *res ipsa loquitur*. Defendant's motion for a nonsuit was denied, and the jury brought in a verdict in favor. of plaintiff, from which order and judgment defendant appeals.

The record shows that plaintiff acted with due care and was justified in following the machine to examine the effect of his repair work. ■ The only important question is whether the doctrine of *res ipsa loquitur* is applicable under the facts. We think it is. Although plaintiff had asked to have the machine started, it was under the control of the employees of defendant, and was operated by them. The skip was usually secured by a brake, or a "dog" or pawl on a ratchet wheel, and its fall was an occurrence which would not ordinarily take place. Recent decisions of this court have restated the principles and reviewed the authorities

on this subject, and they fully support our conclusion herein. (See *Michener* v. *Hutton,* 203 Cal. 604 [59 A. L. R. 480, 265 Pac. 238]; *Brumhall* v. *Sutherland,* 110 Cal. App. 10 [293 Pac. 672].)

It is contended, however, that even if the doctrine applies, the *prima facie* case established by it has been met. We cannot agree that this is so. An expert witness testified that there were four ways in which a skip might fall: (1) a worn or defective cable might part under strain; (2) the ''dog'' might fail properly to engage the teeth of the ratchet wheel; (3) the operator might release the brake; or (4) the brake band might part. Defendant's employee testified that an examination of the machine after the accident failed to disclose any defective parts, and that he did not release the brake. The cause of the accident is still unknown. From this evidence defendant argues that his burden of going forward has been met. It is perfectly plain, however, that he has not met the burden until evidence is presented which has some tendency to show that the accident occurred without the negligence of his employees. It is quite possible to infer from the evidence in this case that the cause of the accident was such negligence. For example, the ''dog'' might not have been properly engaged in the teeth of the ratchet wheel. No examination of it was made before the machine was started and the foreman testified that he. did not know whether it was in place or not. Moreover, the credibility of defendant's employees as witnesses was a matter to be determined by the jury. (See *Michener* v. *Hutton, supra.*)

The judgment is affirmed.

Preston, J., Curtis, J., Shenk, J., Richards, J., and Waste, C. J., concurred.