[Civ. No. 9042.   Second Appellate District, Division Two.—January 17, 1935.]

MAX GORDEN et al., Appellants, v. ISAAC GOLDBERG et al., Respondents.

Henry Haves and Michael M. Moser for Appellants.

W. I. Gilbert for Respondents.

WILLIS, J., *pro tem.*—Respondents were merchants conducting a poultry market in Los Angeles. While appellant Frieda Gorden, as a customer, was in respondents' place of business purchasing a chicken, standing near an "egg house" having a roof some 8 by 8 feet in dimension and 8 feet above the floor, and on which a glass light globe or shade was, and for a long time had been placed, a live chicken, escaping from one of the coops in the store, flew upon the roof or top of the egg house, lighting on the globe, dislodging or pushing it from its position and causing it to fall, striking Mrs. Gorden on her nose and causing the injuries complained of. In appellants' first cause of action set forth in their complaint, relief was sought on the basis of allegations of negligence of respondents in placing and leaving situate on the edge of a shelf in the store the light globe so that it would slip and fall, with knowledge of its dangerous position. In the second cause of action the basis of relief was the alleged negligence of respondents in allowing a chicken to remain outside a coop, knowing it was the habit of chickens to fly and jump when alarmed, and that as a result of such negligence the chicken flew against the light globe on the roof or top of the egg house, causing it to fall and injure Mrs. Gorden.

At the close of plaintiffs' case nonsuit was granted as to the first cause of action and denied as to the second cause. Appeal is taken from the judgment entered on the order granting nonsuit and from the judgment entered on the findings and conclusions as to the second cause after trial

thereof on the merits. Appellants make two contentions: (1) That the doctrine of *res ipsa loquitur* was applicable to the first cause, and made a *prima facie* case for appellants sufficient to overcome the motion for nonsuit; (2) that the findings as to the second cause are not supported by the evidence and that the judgment entered thereon is contrary to the evidence.

The inference of negligence created by the doctrine of *res ipsa loquitur* can arise only in the absence of explanation of the cause of the accident, resulting from the thing which is under the exclusive control of the party charged with negligence. This explanation may be supplied by the evidence of either party, and when the cause is established the doctrine is not then applicable. (*Manuel* v. *Pacific Gas & Elec. Co.*, 134 Cal. App. 512 [25 Pac. (2d) 509].) Herein appellants' evidence, adduced prior to motion for nonsuit, fully explained the cause of the globe falling, namely, its dislodgement by the flight of the escaped chicken. There was therefore no basis of claiming the aid of the inference created by the doctrine, and the burden of proof of negligence in respect to the placement and maintenance of the globe on the roof or top of the egg house rested upon appellants, and the question whether it had been sustained was to be determined under the ordinary rules. So viewed, it clearly appears from the record that appellants produced no evidence of negligence on the part of respondents sufficient to support the charge of negligence set forth in the first cause of action, and the motion for nonsuit was properly granted.

As to the other contention of appellants, we note upon examination of the record a conflict of evidence in respect to the cause or manner of the escape of the chicken which in its flight caused the globe to fall on Mrs. Gorden's nose. Under the established rule we cannot disturb the trial court's finding that respondents were not negligent in respect to the custody, escape or flight of the chicken.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.