[Civ. No. 10475. Second Appellate District, Division Two.—November 13, 1935.]

LOREN ERWIN, Respondent, v. LENA MORRIS et al., Appellants.

Paul Nourse and Forrest A. Betts for Appellants.

Lasher B. Gallagher and Mark H. Edwards for Respondent.

McCOMB, J., *pro tem.*—This is an appeal by defendants from a judgment in favor of plaintiff for $5,000 after a trial before a jury.

Viewing the evidence most favorable to plaintiff (*Ah Gett* v. *Carr*, 3 Cal. App. 47, 48 [84 Pac. 458]), the facts in the instant case are:

Plaintiff while traveling in a westerly direction on Telegraph Road, a highway which runs east and west, stopped his car on the north half of the highway for the purpose of repairing his windshield wiper, it having rained shortly before. An automobile owned by defendant, Paul Morris, was being driven by his codefendant, Lena Morris, in a westerly direction on Telegraph Road, when she observed approximately three-fifths of a mile in front of her the parked car of plaintiff. She continued to travel on the north half of the highway until she reached a point 50 to 60 feet behind plaintiff's automobile. At this time she turned to the left across the center line of the highway, in order to pass the parked car. About one car length to the rear of plaintiff's automobile the car she was driving skidded, the front of it

coming into contact with the left rear corner of plaintiff's automobile.

Defendants rely for reversal of the judgment on the proposition: *That the trial court committed prejudicial error in submitting instructions to the jury on the doctrine of last clear chance.*

█ The doctrine of *last clear chance* presupposes evidence or inferences properly deducible therefrom of the following elements:

First: Negligence of plaintiff;

Second: That as a result thereof plaintiff is in a situation of danger from which he cannot escape by the exercise of ordinary care;

Third: That the defendant is aware of plaintiff's dangerous situation under such circumstances, that he realizes, or ought to realize, plaintiff's inability to escape therefrom; and,

Fourth: That defendant then has a *clear chance* to avoid injuring plaintiff by the exercise of ordinary care and fails to do so. (*Palmer* v. *Tschudy,* 191 Cal. 696, 700 [218 Pac. 36].)

If any one of the foregoing elements is absent, the doctrine of last clear chance does not apply and the case is governed by the ordinary rules of negligence and contributory negligence. (*Palmer* v. *Tschudy, supra.*) Applying this test to the instant case, and assuming, for the purpose of this appeal *only,* that there was evidence of the first three elements necessary to make applicable the doctrine of last clear chance, it is obvious that the fourth requirement, to wit, that defendant had a *clear chance* after realizing that plaintiff was in a dangerous situation and without ability to escape therefrom, to avoid the accident, is entirely absent.

█ It cannot be disputed that defendant, Lena Morris, after observing defendant's automobile parked in the highway, followed a reasonable and prudent course by proceeding in the right half of the highway to a point a short distance to the rear of plaintiff's automobile and acted likewise in turning to the left, in order to pass the parked car. The dangerous situation did not arise until the car she was driving commenced to skid and immediately thereafter the accident ensued. The record does not disclose any substantial evidence that the defendant, Lena Morris, had a *clear chance*

to avoid the accident. The rule applicable in such a case is clearly stated by Mr. Justice Parker in *Bagwill* v. *Pacific Electric Ry. Co.*, 90 Cal. App. 114 [265 Pac. 517]. He says at page 121:

"Certainly the doctrine of last clear chance never meant a splitting of seconds when emergencies arise. There seems still to be some misconception of this doctrine of last clear chance. It was not devised as a last resort to fasten liability on defendants. Like the body of the law of negligence, to which the doctrine is appended, the test remains as that of ordinary care under all of the circumstances. . . . It says to a negligent plaintiff that in spite of his lack of caution he will be protected against wanton, wilful or avoidable harm. But, on the other hand, it penalizes no innocent person. We are not to tear down the facts of a case and rebuild the same so that, by a trimming down and tight-fitting operation, something can be constructed upon which may be fastened the claim of last clear chance. The words mean exactly as they indicate, namely, last *clear* chance, not possible chance. The supreme court has not left us to speculate on the application of the doctrine."

Where evidence of any one of the elements necessary to apply the doctrine of last clear chance is lacking, it is reversible error to instruct the jury with respect to such doctrine. (*Poncino* v. *Reid-Murdock & Co.*, 136 Cal. App. 223, 228 [28 Pac. (2d) 932]; *Wallis* v. *Southern Pacific Co.*, 184 Cal. 662, 672 [195 Pac. 408, 15 A. L. R. 117].)

Since the judgment must be reversed for the error heretofore mentioned, it is unnecessary for us to pass upon the alleged error of the trial court in excluding certain evidence offered by defendants.

The judgment is reversed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 4, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 10, 1936.