[Civ. No. 10112. First Appellate District, Division One.—April 9, 1937.]

WILLIAM KIERNAN, Respondent, v. HERBERT M. BARUCH CORPORATION (a Corporation), Appellant.

J. Hampton Hoge and A. Dal Thomson for Appellant.

Reisner & Deming for Respondent.

TYLER, P. J.—Action for personal injuries. The case was tried before a jury which rendered a verdict for plaintiff in the sum of $3,000 against one of the defendants, Herbert M. Baruch Corporation, alone. The Baruch company was the general contractor in the construction of the Fort Miley hospital. Affixed to the exterior building during its construction was a hoist shaft in which elevators were operated for the purpose of hauling material to the upper floors. M. J. Reid, the co-defendant, was a master mechanic, having general charge of the men operating mechanical equipment for the company, and was upon its payroll. He also operated the hoist on occasions and was so operating it at the time of the accident in question. Plaintiff was a helper in the setting of marble. He was an employee of one J. E. Back who had a subcontract for the marble to be installed in the building. At the time

of the accident in question plaintiff rode upon one of the elevators, holding a piece of marble in position, while the elevator ascended the shaft. When the elevator reached the fourth floor, which was its destination, it dropped a distance of approximately one floor and the plaintiff was struck upon the jaw by the slab of marble which was being carried in the elevator and received the injuries complained of. The complaint charged negligence in general terms in the operation of the elevator by Reid. The answer raised the issue as to the status of Reid as a servant of the defendant corporation at the time of the accident and further denied any negligence upon his part.

There were two versions of the cause of the accident. One version, presented by testimony offered by the plaintiff, was that a safety lock, known as a dog, designed to hold the elevator at the place of destination did not fit into a notch, known as a cog, on this particular occasion, and that the elevator dropped until Reid could stop it with his brake. The version offered by the defense was that Reid was slipping the clutch in order to move the elevator slowly; that he felt a jerk indicating to him that the marble had caught on the timber of the shaft, and that the elevator had dropped before it could be stopped with the brake. It is appellant's contention that under either theory there is no basis for the conclusion that there was negligence upon the part of the operator. It is true that there was no direct evidence to show just what caused the accident except that it happened in one of the two ways mentioned. The apparatus may have failed or the operator may have been negligent in handling the apparatus. Suffice it to say that the evidence leaves the exact cause in doubt. Under these circumstances the court applied the doctrine of *res ipsa loquitur*, and properly so. The doctrine has been applied in similar cases. (*Meyer* v. *Tobin*, 214 Cal. 135 [4 Pac. (2d) 542]; *Brumhall* v. *Sutherland*, 110 Cal. App. 10 [293 Pac. 672].) Where, as here, the evidence of negligence is disputed, and leaves a doubt as to the cause, the doctrine is properly applied. (*Horney* v. *Dillingham*, 81 Cal. App. 443, 446 [253 Pac. 970]; *Kilgore* v. *Brown*, 90 Cal. App. 555 [266 Pac. 297].)

Appellant makes the further contention that the evidence fails to show Reid was acting for the defendant company. In this connection it is claimed that as Back, the sub-

contractor, had hired the hoist and had the entire right of direction and control over its operation for the period for which he engaged it, Reid for the time being was Back's servant. There was testimony on the part of the company's superintendent to the effect that he informed Back the elevator would be under his control, and there was also evidence to show that Back gave certain directions to Reid when hoisting to "take it easy". There was, however, other testimony to show that the hoist was owned and operated by defendant corporation. It furnished the hoist, the operator, fuel and repairs and sent Back a bill for the services designated as "hoisting charges". It further appeared that at the very time of the accident defendant corporation was using the adjacent elevator, operated by Reid with the same machinery, to carry material of its own to an upper floor. The question of whether Reid was the agent of the corporation or of Back under the circumstances was one for the jury. (*Brumhall* v. *Sutherland, supra; Madsen* v. *Le Clair,* 125 Cal. App. 393 [13 Pac. (2d) 939].) The fact that Reid had followed Back's instructions to go slow did not make Reid the servant of Back. (*Moss* v. *Chronicle Pub. Co.,* 201 Cal. 610 [258 Pac. 88, 55 A. L. R. 1258].)

█ And finally appellant contends that the case must be reversed because the jury failed to find a verdict against Reid, the operator. Reid did not appear in the action as he was not served with summons. As to him, therefore, there was no verdict either way. The action proceeded against his employer alone. The rule contended for by appellant does not apply in such a case. (*Benson* v. *Southern Pac. Co.,* 177 Cal. 777 [171 Pac. 948].) Moreover, the point cannot be raised for the first time on appeal. No request was made by appellant to have the jury find on the question of Reid's negligence. (*Lloyd* v. *Boulevard Express,* 79 Cal. App. 406 [249 Pac. 837].)

The judgment is affirmed.

Cashin, J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 3, 1937.