[Civ. No. 11896. Second Appellate District, Division Two.—September 19, 1938.]

EBER H. SMITH, Appellant, v. WILLIAM L. McCLARY et al., Respondents.

Alfred J. Smallberg and Oliver M. Hickey for Appellant.

Charles G. Hedgcock and Reginald I. Bauder for Respondents.

CRAIL, P. J.—This is an appeal from a judgment in favor of the defendants in an action for damages for alleged personal injuries. The contention of the plaintiff is that the trial court erred in refusing to give to the jury instructions on the doctrine of *res ipsa loquitur*.

Plaintiff entered the place of business of the defendants and ordered a chocolate malted milk. The malted milk was thereupon mixed by the employees of the defendants in the regular manner. While in the act of consuming the malted milk plaintiff felt something in his throat. He choked and coughed up a substance that resembled a piece of cork three-quarters of an inch long by one-quarter of an inch wide. He coughed up no blood at the time, but he claims that he noticed

a change in his voice and he could not speak above a whisper for months, and he asked damages for the injury.

In alleging negligence the plaintiff did not plead negligence generally, but he alleged specifically as follows: "That the said defendants, by and through their said servants and agents, and not regarding their duty in that behalf, carelessly and negligently caused and permitted the said Chocolate Malted Milk to then and there contain a foreign, solid substance, resembling a piece of cork about three-quarters of an inch long and one-quarter inch wide, and that while plaintiff was thus drinking said Chocolate Malted Milk, and because of the said negligence and carelessness on the part of the defendants, the said solid substance stuck in plaintiff's throat thereby causing plaintiff to then and there have a violent choking spasm, . . ."

This is not a case where plaintiff has undertaken to recover upon a breach of an alleged warranty, either express or implied. The pleadings fail to embrace such an issue and the "food cases" recently decided by our courts on a breach of warranty, either express or implied, do not apply.

The *res ipsa loquitur* doctrine is based in part upon the theory that the defendant in the particular case involved has the best opportunity of ascertaining the cause of the accident, and that the plaintiff, having no such knowledge, is compelled to rely upon proof of the happening of the accident in order to establish negligence. (19 Cal. Jur. 713.) The inference of negligence created by the doctrine arises only in the absence of explanation of the cause of the accident. (*Gorden* v. *Goldberg,* 3 Cal. App. (2d) 659 [40 Pac. (2d) 276].) If, instead of relying upon a general allegation of negligence, a plaintiff sets out specifically the negligent acts complained of, the doctrine does not apply. There is a long line of cases which hold that the doctrine is inapplicable where the negligence is pleaded specifically and not generally. (8 Cal. Jur. Ten-Year Supp. 383.) We are of the view, therefore, that there was no occasion for the trial court to give to the jury instructions on the doctrine of *res ipsa loquitur.*

Finally, the plaintiff contends that the court erred in admitting into evidence a lid to a 100-pound malt can which was not the lid to the particular can from which the

malt was taken with regard to the particular malted milk in question, when no foundation was laid on the part of defendants as to the whereabouts of the original or particular can from which the malt was taken. Obviously the defendants had no occasion to save the original lid until they knew there was a claim for damages. Then they offered the lid in question after proof that it was identical. It was admitted in evidence just as a photograph would be, and it was not important one way or the other in the trial. Neither was it necessary in order to introduce the lid to require the production of the large 100-pound can which the lid fitted. We see no error here.

Judgment affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 17, 1938.