[L. A. No. 20605. In Bank. Dec. 3, 1948.]

C. C. LaPORTE, Appellant, v. JACK U. HOUSTON et al., Respondents.

Charles W. Wolfe for Appellant.

Walhford Jacobson for Respondents.

GIBSON, C. J.—This appeal was taken by plaintiff from a judgment based on a verdict in favor of defendants in an action for damages for personal injuries. There is no substantial conflict as to any material fact, and no claim is made that the verdict is not supported by the evidence. It is contended, however, that the court erred in failing to give a requested instruction on res ipsa loquitur. We are of the opinion that the doctrine was not applicable to the facts of this case, and that the judgment should be affirmed.

Plaintiff drove his automobile to the garage of defendant Houston for a carburetor adjustment, and defendant Krussel, a mechanic employed by Houston, was assigned to do the work. The car was left standing where it had been parked by plaintiff while the mechanic took out the carburetor, cleaned and replaced it. Upon being informed by the mechanic that the job was finished, plaintiff got into the car and started the motor but it did not function properly. Plaintiff set the hand brake, left the motor running with the gear lever in neutral and released the hood by means of a "button" in the driver's compartment to permit the mechanic to recheck the carburetor. Plaintiff then got out and walked to the front of the car to watch the mechanic who was leaning over the

right front fender working on the carburetor. According to plaintiff the mechanic "made some adjustment and he accelerated the motor a few times and made a few more adjustments and then he raced the motor up higher, with forcefulness, and then he ran it for two or three times . . . and . . . left the motor running pretty severely and all of a sudden" the car lurched forward. It struck plaintiff and broke his leg.

Immediately after the accident, the car was examined, and the gear lever was found to be in neutral and the hand brake set. Plaintiff testified that the car had never before leaped forward or backward when the gear shift was set in neutral.

The automobile was equipped with a "hydra-matic" transmission which makes it possible to engage the gears without the use of a clutch pedal. An assistant service manager of an agency servicing this type of automobile, called by plaintiff as an expert witness, testified that he knew of instances where a car with this kind of transmission had moved forward when the gear lever was in neutral while the motor was being accelerated. He stated that the vibration of the motor sometimes creates a strain on the gear and throttle mechanism, causing the throttle to stick and the gear to shift from "neutral" to "drive," and that this occurs in about one car in a thousand, but that no one could foresee that it would happen. The witness stated, however, that he did not believe a car would move forward under such circumstances if the brakes were properly set. Neither of defendants had ever seen or heard of an automobile jumping forward under such circumstances, and they were not aware of the mechanical defect which plaintiff's expert testified existed in some cars of this type.

Assuming that defendants were in control of the car while the carburetor was being rechecked, the applicability of the doctrine of res ipsa loquitur depends on whether it can be said, in the light of common experience, that the accident was more likely than not the result of their negligence. (See *Escola* v. *Coca Cola Bottling Co.*, 24 Cal.2d 453, 457-458 [150 P.2d 436] ; *Honea* v. *City Dairy, Inc.*, 22 Cal.2d 614, 616-617 [140 P.2d 369].) "Where no such balance of probabilities in favor of negligence can be found, res ipsa loquitur does not apply." (Prosser on Torts [1941] p. 297.)

The evidence presented on behalf of plaintiff established that at the time of the accident the gear shift was in neutral, the brakes were set, and the mechanic was accelerating and decelerating the motor while testing the carburetor. The mechanic did not go to the driver's compartment but leaned

over the right front fender to make the adjustment. Plaintiff watched him while he accelerated and decelerated the motor, and there is no evidence that the mechanic did or could have done anything else which would have affected the shifting mechanism of the car. It was at least equally probable that the accident was caused by some fault in the mechanism of the car for which defendants were not liable as that it resulted from any negligent act or omission of the mechanic. Accordingly, it cannot be said that it is more likely than not that the accident was caused by the negligence of defendants, and hence the case was not a proper one for the application of the doctrine of res ipsa loquitur.

In view of this conclusion, it is unnecessary for us to consider whether the explanation of the cause of the accident given by plaintiff's expert would have dispelled the inference of negligence under res ipsa loquitur, had the doctrine been applicable. (See *Leet* v. *Union Pac. R. R. Co.*, 25 Cal.2d 605, 619-622 [155 P.2d 42, 158 A.L.R. 1008] ; *Meyer* v. *Tobin*, 214 Cal. 135 [4 P.2d 542] ; *Connor* v. *Atchison etc. Ry. Co.*, 189 Cal. 1, 5 [207 P. 378, 22 A.L.R. 1462] ; *Gorden* v. *Goldberg*, 3 Cal.App.2d 659-661 [40 P.2d 276] ; Prosser on Torts [1941] p. 306; 13 Cal.L.Rev. [1925] 424.)

The court gave instructions on unavoidable accident and assumption of risk, which correctly stated the law in the abstract. It is contended, however, that they had no application to the facts of this case, and that it was therefore error to give them. (See *Wallis* v. *Southern Pac. Co.*, 184 Cal. 662, 672 [195 P. 408, 15 A.L.R. 117] ; *Erwin* v. *Morris*, 10 Cal. App.2d 168, 171 [51 P.2d 149].) The instruction on unavoidable accident was properly given since the jury could have found that this automobile was defective in the respect described by the expert witness. We need not determine whether it was error to give the instruction on assumption of risk, since, in our opinion, it is clear from the record in this case that the giving of such instruction could not have resulted in a miscarriage of justice.

The judgment is affirmed.

Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I dissent.

In my opinion the doctrine of res ipsa loquitur is applicable to the facts of this case. It is not within the realm of proba-

bility that (excluding movement caused by the elements) when the gears of a car are placed in a neutral position, the hand brake is set and the motor running, the car should suddenly leap forward unless someone has caused it to do so. Here the mechanic was the only person exercising any dominion over the car. He was making adjustments on the motor. He must therefore have done something which caused the car to jump forward. Under these circumstances it may be inferred that he was negligent in some respect, hence the doctrine of res ipsa loquitur applies. The majority opinion states that: "Plaintiff watched him [the mechanic] while he accelerated and decelerated the motor, and there is no evidence that the mechanic did or could have done anything else which would have affected the shifting mechanism of the car. It was at least equally probable that the accident was caused by some fault in the mechanism of the car for which defendants were not liable as that it resulted from any negligent act or omission of the mechanic." That statement as a turning point of the case fails to state enough. If a car does not leap forward under those conditions, ordinarily, then there must have been some negligent act to cause it, and thus res ipsa loquitur. We do not know that the *only* thing the mechanic did was to accelerate the motor. There is no showing that his activities were limited to that act. While plaintiff testified to such acceleration he did not purport to state that no other act was done by the mechanic. If he had done so he would have proven (or perhaps disproven) specific negligence and thus possibly eliminated res ipsa loquitur. It was not incumbent upon him to prove what the mechanic did or did not do. He shows that a car leaps forward from causes unknown to him. The doctrine is then applicable. It is up to the defendant to explain that he did no negligent act. The effect of the reasoning of the majority opinion is to require the *plaintiff* to explain how the accident happened, a position wholly at odds with res ipsa loquitur. Therefore we start out with the assumption, and the majority opinion does not deny it, that a car does not lurch forward when in neutral and the hand brake is set unless someone has been negligent, and the only one whose negligence could have caused the result was the mechanic.

The above quoted portion of the majority opinion states that the probabilities are at least equal that the forward movement of the car was caused by a mechanical defect in the car. *That cannot follow for the reason that plaintiff's evi-*

*dence shows that there were no defects in the car and his expert
witness eliminated such possibility when he testified that such
defect only occurred once in a thousand times.* Thus we have
left the probability, and hence the inference, that the mechanic
committed some negligent act. Indeed the plaintiff here has
gone further than is customary in eliminating possibilities of
the cause of the accident other than defendant's negligence.
He has shown that it was not due to any negligence on his part
as the car was in gear, the hand brake was set, and there was
no mechanical defect. There is no reasonable probability left
than that the mechanic did something while working on the
motor to cause the car to move.

A case closely analogous is *Druzanich* v. *Criley,* 19 Cal.2d
439 [122 P.2d 53], where this court held that where a car
is being driven along the highway, and leaves the road, the
doctrine applies, and pointed out that defendant offered no
evidence that there was any mechanical defect in the car.
The case of *Dierman* v. *Providence Hospital,* 31 Cal.2d 290
[188 P.2d 12], is also in point on the issue of defendant's
failure to furnish a satisfactory explanation of the accident.
Likewise in the instant case the burden was upon defendant
to persuade the jury that the accident was due to a mechanical
defect or other factors over which he had no control.

Certainly, if the mechanic had been working under the
cowl in the driver's compartment when the accident happened,
his mere assertion that he did nothing which would cause the
car to lurch forward would not be sufficient to justify the
court in taking the case from the jury. It is abundantly clear
that such a factual situation would give rise to an inference
of negligence under the doctrine of res ipsa loquitur which
would be sufficient to support a verdict for plaintiff, as any
denial of negligent conduct by the mechanic would simply
create a conflict which the jury would be called upon to re-
solve. I can see no difference in the foregoing situation and
the one in the case at bar. Here the mechanic was the only
person in a position to cause the car to do anything. He says
he did nothing to cause it to lurch forward. If a car would
not ordinarily lurch forward under those circumstances unless
someone did something to cause it to do so, the mechanic's
denial that he did anything to cause such movement, would
simply create a conflict with the inference that it was his
conduct which caused the car to move. Thus a factual situa-
tion was presented for the determination of the jury under
appropriate instructions.

It is not disputed that the plaintiff requested and the court refused to give appropriate instructions on the doctrine of res ipsa loquitur, thus depriving plaintiff of the benefit of the doctrine. It must be conceded that if this doctrine was applicable, it was prejudicial error for the court to refuse to instruct the jury on it.

I would therefore reverse the judgment.