[S. F. No. 18990. In Bank. July 23, 1954.]

URBAN C. STANFORD, Respondent, v. RICHMOND CHASE COMPANY (a Corporation) et al., Appellants.

*Assigned by Chairman of Judicial Council.

Bronson, Bronson & McKinnon for Appellants.

James F. Boccardo and Edward J. Niland for Respondent.

PEEK, J. pro tem.*—This action was brought to recover damages for injuries received by plaintiff while a business invitee on the premises of defendant Richmond Chase Company. The injuries were allegedly caused by the negligent operation of mechanized fork lift loaders belonging to de-

---

· *Assigned by Chairman of Judicial Council.

fendant corporation. Three of its employees, Castro, Silva and Rouyet, were joined as defendants. The jury returned a verdict against all defendants, and they have appealed from the ensuing judgment contending that the trial court erred in giving any instructions upon the doctrine of res ipsa loquitur and that there is insufficient evidence to connect defendants Silva and Rouyet with the accident.

Plaintiff operated a tractor with two trailers, and the parties have referred to the combined unit as a truck. He obtained a load of grapes on behalf of his employer and drove to the cannery yard of defendant corporation, arriving about 2 a. m. He slept in the tractor until the grapes were unloaded by cannery employees about 3:30 a. m. and then drove to the box shed in another part of the cannery yard to get some empty boxes for his return trip. The record is not entirely clear as to the exact location where he parked his truck in relation to the stacks of empty boxes, but the evidence indicates that the boxes were 20 to 30 feet from the right side and at or behind the back end of the truck. The boxes were stacked nine high on individual pallets to facilitate loading, and they were placed on the trailers by means of mechanized fork lifts operated by defendants Castro and Silva, who were the only persons other than plaintiff in the area during the loading operation. Silva worked on the left or driver's side of the truck, and Castro worked on the right side which was next to the boxes. Silva loaded the left side by picking up a pallet of boxes from the pile with his fork lift, backing away until in position to go forward, and then proceeding around the rear of the truck and placing the pallet on a trailer. The record does not show in what direction Silva backed before proceeding forward. Castro loaded the right side by picking up a pallet of boxes, backing along the right side of the truck toward its front, swinging around in an arc until in position to go forward toward the truck, and then placing the pallet on a trailer. Eight pallets of boxes, four to a side, were placed on each trailer, and it took about twenty minutes to load both trailers.

Plaintiff testified that the front trailer had been loaded when he went to the rear of the second trailer to obtain some rope and that he scattered the rope along the right side of the second trailer and stopped between the front and back trailers. The last thing he remembered was standing between the two trailers in an open space ''just about even with the edge of the trailer,'' and he replied ''Yes'' when asked if

that was "the position you were in when you were struck." Also, he testified that he was "knocked out there" when he was standing in that location. He did not see or feel anything hit him, and the next thing he knew was when he regained consciousness about two hours later in the first aid room of the cannery. Plaintiff further testified that from the time he parked his truck "until [he] blacked out" he did not mount any part of the truck and that it was not his custom to climb on a load of empty boxes when placing cables on them because of the unstable character of the boxes. As a result of the accident plaintiff suffered a concussion of the brain and fractures of the left antrum, left jaw, and left elbow. His face, lip and eyelid were cut, two teeth were completely knocked out, and his right knee was bruised.

Castro and Silva testified that, during the early morning hours when the yard was nearly deserted, they customarily backed the fork lifts without looking, and neither of them looked while backing during the time they were loading plaintiff's truck. The forward vision was obstructed when a fork lift was carrying a pallet of boxes. Both operators said that they did not know how plaintiff was injured. Castro testified that he did not become aware that plaintiff was injured until he was placing the last pallet of boxes on the back trailer, and he saw plaintiff lying on the ground beside the cab of the truck on the side he was loading. He called to Silva, they both approached plaintiff, and upon finding him injured they took him to the first aid station of the cannery. Castro could not remember seeing plaintiff during the loading operation, and Silva recalled seeing him only once.

Defendant Rouyet, the assistant night superintendent of defendant corporation, testified that he was not near the scene when the accident occurred but that when informed of it he proceeded to the scene where he found an angle iron and blood stains on the ground near the right side of the tractor and observed a smudge on the right hand gas tank of the tractor.

At plaintiff's request the trial court gave instructions, applicable to all defendants, upon the doctrine of res ipsa loquitur. Defendants do not complain of the form of the instructions but contend that the evidence does not warrant any instructions upon the doctrine. We have concluded that the instructions were properly given as to defendants Castro and Richmond Chase Company but not as to defendants Silva and Rouyet.

■ As a general rule, res ipsa loquitur is applicable where it appears that the accident is of such a nature that it can be said, in the light of past experience, that it probably was the result of negligence by someone and that the defendant is probably the person who is responsible. (*Zentz* v. *Coca Cola Bottling Co.*, 39 Cal.2d 436, 442-443, 446 [247 P.2d 344].) ■ As aids to help the courts in determining whether such probabilities exist with regard to a particular occurrence, the courts have considered, among other things, the extent of control exercised by the defendant and the conduct of the plaintiff. (*Zentz* v. *Coca Cola Bottling Co.*, 39 Cal.2d, *supra*, at pp. 446, 447.)

■ Plaintiff, Castro and Silva were the only persons in the area at the time of the accident, and the two fork lifts were the only pieces of equipment then in operation. Under these circumstances, and in view of the serious nature and extent of plaintiff's injuries, it is apparent that there are only two possible explanations for the cause of plaintiff's injuries: either he was struck by a fork lift or he fell from some portion of his truck. Plaintiff testified that before losing consciousness he did not climb onto any part of the truck and that he did not customarily get on empty boxes while fastening his load. The last thing he remembered was that he was standing on the ground between the two trailers about even with their outside edges, and his testimony, when construed most strongly in favor of the judgment, was to the effect that he was "struck" or "knocked out there" when standing in that location. It can be inferred that his loss of memory began as of the moment he was injured, and the jury could reasonably conclude from all the evidence that the accident was not due to a fall from the truck but, rather, that plaintiff was struck and injured by a fork lift at the point between the two trailers.

■ The requirement of the doctrine of res ipsa loquitur that the plaintiff must show that he did not contribute to the accident (see *Escola* v. *Coca Cola Bottling Co.*, 24 Cal.2d 453, 458 [150 P.2d 436]) is satisfied by the evidence that plaintiff was standing between the two trailers when he was struck, since the jury could properly conclude that a reasonable man, under the same circumstances, would expect that the space would be a safe one within which to stand. ■ Further, it obviously seems more probable than not that a person standing in plaintiff's position would not have been struck by a fork lift if due care were used in its operation, and,

therefore, under the doctrine of res ipsa loquitur, it can be inferred that the operator of the fork lift which struck plaintiff was negligent. In reaching this conclusion and in considering the propriety of the res ipsa loquitur instructions, we have, of course, disregarded the direct evidence of negligence on the part of the fork lift operators in backing without looking where they were going.

Defendants claim that the evidence regarding the method of operation of the fork lifts and the courses taken in loading the truck shows that the accident could not have occurred while plaintiff was standing between the two trailers. From this premise they argue that, although plaintiff may not remember it, he could have moved from that position and climbed onto the trailers to tie the load, and that, consequently, a fall is as probable an explanation for his injuries as his being struck by a fork lift. (*Cf. LaPorte* v. *Houston*, 33 Cal.2d 167 [199 P.2d 665].) The evidence, however, does not show that the accident could not have occurred while plaintiff was standing between the trailers. The jury was not required to believe the testimony of Castro and Silva as to the position in which they found plaintiff or as to the routes taken by them in operating their fork lifts. In this connection plaintiff stated merely that the operator on the right side of the truck would back around towards plaintiff to load the boxes onto that side and that the other operator would go forward around the rear of the truck to load the left side. It seems clear that the operator on the right side could have deviated slightly from his prior course and that his fork lift, or some portion of it, could have entered the space between the two trailers for the short distance required to strike a person in the position where plaintiff was standing, namely, ''just about even with the edge of the outside of the trailer.''

The cases of *LaPorte* v. *Houston*, 33 Cal.2d 167 [199 P.2d 665], and *Olson* v. *Whitthorne & Swan*, 203 Cal. 206 [263 P. 518, 58 A.L.R. 129], cited by defendants, are distinguishable. In the LaPorte case the plaintiff was struck when an automobile equipped with a hydramatic transmission moved forward while a mechanic was adjusting the carburetor. In the Olson case the plaintiff, on leaving a store, held one swinging door open for another person and was struck by the rebound of a second swinging door which had been used by a third customer. In both cases the instrumentality that caused the injury was known but not the particular reason for

the accident, and the problem was whether it was caused by some defect for which defendants were responsible. The court was therefore concerned only with the question of law whether it could be said that, in the light of common experience, the accident was more likely than not the result of defendants' negligence. In the present case, on the other hand, the question is one of fact as to whether the injuries were caused by a fork lift rather than by plaintiff's own conduct, and, as we have seen, if plaintiff was hit by a fork lift, it is more probable than not that the operator was negligent.

Regardless of which of the two fork lifts caused the accident, it would seem clear that, under *respondeat superior*, defendant corporation would be responsible for any negligence in their operation since both of the fork lifts were operated by its employees. The evidence also appears sufficient to permit an inference that plaintiff was struck by the fork lift operated by defendant Castro because he was loading the side of the truck where plaintiff was injured.

There is no evidence that defendant Silva operated his fork lift in the area along the right side of the truck where plaintiff was injured, and the only evidence on the issue places him either on the opposite side or to the rear of the truck. Under the circumstances, therefore, the evidence is insufficient to support an inference that Silva's fork lift was a probable cause of plaintiff's injuries. Plaintiff claims that the judgment against Silva can be sustained under the principle of the cases in which it has been recognized that, under certain unusual circumstances, the doctrine of res ipsa loquitur may be applicable against one or more of several persons where any one of them could reasonably have been responsible for plaintiff's injuries but where plaintiff is unable to point out which of them is responsible. (*Raber* v. *Tumin*, 36 Cal.2d 654 [226 P.2d 574]; *Cavero* v. *Franklin Gen. Benev. Soc.*, 36 Cal.2d 301 [223 P.2d 471]; *Ybarra* v. *Spangard*, 25 Cal.2d 486 [154 P.2d 687, 162 A.L.R. 1258]; see discussion in *Zentz* v. *Coca Cola Bottling Co.*, 39 Cal.2d 436, 445-446 [247 P.2d 344].) These cases are distinguishable, however, because the evidence is insufficient to show that Silva was in a position to cause the accident.

The evidence as to defendant Rouyet appears to be clearly insufficient to connect him with the accident. He was apparently joined as defendant in this action because he was the assistant night superintendent of the cannery, but admittedly he was not present when the accident occurred,

and the evidence does not show what was the scope of his duty, whether he had notice of the negligent manner of operating the fork lifts, or whether he gave any instructions on how to operate them.

There is no merit to the contention that Silva and Rouyet cannot now question the judgment against them because the record shows that they failed to ask for separate verdicts or to object to the forms of verdict submitted to the jury which provided only for verdicts as to all defendants together. Although the failure to object to the form of a verdict can constitute a waiver of a defect of form (*Joerger* v. *Pacific Gas & Elec. Co.,* 207 Cal. 8, 21 [276 P. 1017] ; *Hicks* v. *Coleman,* 25 Cal. 122, 146 [85 Am.Dec. 103]), it does not constitute a waiver of a substantial claim of insufficiency of the evidence to support the verdict against one of several defendants. (*Cf. Pisani* v. *Martini,* 132 Cal.App. 269, 274-275 [22 P.2d 804] ; 3 Cal.Jur.2d 649-650; 2 Cal.Jur. 282.)

As to defendants Richmond Chase Company and Castro, the judgment is affirmed. As to defendants Silva and Rouyet the judgment is reversed, but without costs in view of their waiver of costs.

Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellants' (Richmond Chase Co. and Castro) petition for a rehearing was denied August 19, 1954.