[Civ. No. 20498.   Second Dist., Div. One.   Apr. 19, 1955.]

ORVAL J. QUINN, Appellant, v. WHITEMAN AIRPORT COMPANY (Individual's Fictitious Name) et al., Respondents.

Murchison & Cumming, R. Bruce Murchison and Bicknell J. Showers for Appellant.

Sampson & Dryden and R. S. Harrington for Respondents.

DRAPEAU, J.—Plaintiff rented for $10 a month right to land and take off and to tie down his airplane at the airpark of the defendant Whiteman Airport Company. This was the fictitious name of a business owned and conducted by Marvin E. Whiteman.

Western Aviation Company, the other defendant, leased from Whiteman Airport Company a large airplane hangar, with the concession for the sale of gasoline and oil.

On May 24, 1952, plaintiff appeared at the airpark, intending to wash his airplane. He saw a stepladder standing on the premises of Western Aviation Company, and asked an employee of that company if he could borrow it to wash his airplane. This employee said ''sure, go ahead and use it.''

So plaintiff took the ladder and put it up close to the side of his airplane. Unfortunately when he climbed to the third step of the ladder and put both feet on it, it gave way. He was holding a water hose, and in trying to maintain his balance he fell and broke both of his arms.

After the accident it was found that the iron rod under the third step of the ladder was broken. It appeared to be a fresh break.

Plaintiff brought this action for personal injuries against the two defendants named, and the individual owners, and a jury was sworn to try the issues. When he rested his case the trial judge granted motions for nonsuit by both defendants. Plaintiff appeals from the order and judgment that follows.

■ Using the well known rules for testing the legality of granting nonsuits, it appears that plaintiff failed to prove ownership of the ladder by Whiteman Airport Company. About five months before the accident Mr. Whiteman had found a defective wooden ladder being used at the airpark, and ordered it placed in a pen, to be destroyed. But there is no evidence that this was the same ladder used by plaintiff. He, therefore, failed to prove any negligence as against Whiteman Airport Company.

It may be inferred that the other defendant, Western Aviation Company, owned the ladder. But, giving that inference its full effect, Western was no more than a gratuitous lender of a chattel. ■ Plaintiff had to take whatever risk there may have been of the defective condition of the ladder, if it was open and obvious. ■ And if defects are not open and obvious, liability will not be imposed unless there is proof that the owner of the instrumentality knew or should have known of such defects. (*Nagle* v. *City of Long Beach,* 113 Cal.App.2d 669 [248 P.2d 799].)

■ The doctrine of res ipsa loquitur is not applicable under the facts in this case. (*LaPorte* v. *Houston,* 33 Cal.2d 167 [199 P.2d 665].)

■ And there is no evidence that would support the inference that the employee of Western who loaned the ladder to plaintiff was the ostensible agent of Whiteman.

The judgment and order are, and each of them is, affirmed.

White, P. J., and Doran, J., concurred.

. A petition for a rehearing was denied May 9, 1955, and appellant's petition for a hearing by the Supreme Court was denied June 16, 1955.