ROY CROWELL, RESPONDENT, v. ST. LOUIS SCREW COMPANY, A CORPORATION, APPELLANT.*

St. Louis Court of Appeals. Opinion filed March 8, 1927.

**1.—Appellate Practice—Refusal of Peremptory Instruction—On Appeal Plaintiff's Evidence Viewed in Light Most Favorable to Him—Inferences.** In considering the action of the trial court in refusing to give defendant's requested peremptory instruction in the nature of a demurrer to all the evidence, the evidence must be viewed in the light most favorable to plaintiff in addition to which he must be allowed all reasonable inferences of fact which the jury could with propriety have drawn therefrom, and the appellate court may not draw inferences of fact in defendant's favor to countervail or overthrow inferences tending to support plaintiff's right to recover.

**2.—Master and Servant—Servant Injured—Negligence—Contributory Negligence—Jury Question.** In an action by an employee for damages for personal injuries sustained in a fall from a defective ladder, evidence held sufficient to take to the jury the question of his contributory negligence, though he knew that the ladder was in a defective and dangerous condition, where, upon making complaint to his foreman of the shaky condition of the ladder, he was told by the foreman that the ladder was all right and its condition was the same as always and that he should continue to use it, such response being tantamount to an assurance to plaintiff by the foreman that the ladder could be used with reasonable safety.

**3.—Same—Same—Same—Same—Defective Ladder—Continued Use.** Even though an employee knew that a ladder was in a defective and dangerous condition, he was nevertheless not guilty of contributory negligence as a

matter of law in continuing to use the ladder, unless the danger to be experienced thereby was so obvious, imminent and threatening that a reasonably prudent person would not have incurred the risk.

**4.—Same—Same—Same—Same—Servant Directed By Foreman to Use Defective Ladder—Presumptions.** Where an employee knew that a ladder he was using was in a defective and dangerous condition and was directed by his foreman to continue its use, it must be presumed in favor of plaintiff that the foreman had knowledge superior to that of plaintiff as to the perils incident to the use of the ladder, and accordingly, in continuing to use the ladder, after having been so directed by his foreman, he had the right to rely upon the assumption that the foreman had taken reasonable precautions to determine that the ladder was reasonably safe for his use.

**5—Instructions—Master and Servant—Servant Injured—Accident—Instruction Properly Refused Considering Pleadings and Evidence.** In an action by a servant for damages for personal injuries caused by his falling from a defective ladder, the refusal by the trial court of an instruction requested by defendant, that, if the jury should find and believe all the evidence that plaintiff was caused to fall by reason of a mere accident, mischance or misfortune, without any negligence on the part of either plaintiff or defendant, their verdict should be for defendant, **held** the instruction was not appropriate under the issues raised by the pleadings and the evidence, and therefore its refusal was proper.

*Corpus Juris-Cyc References: Accident, 1CJ, p. 390, n. 17; Master and Servant, 39CJ, p. 786, n. 39; p. 792, n. 87; p. 793, n. 91; p. 853, n. 97; p. 855, n. 19; p. 1194, n. 35; p. 1202, n. 68; p. 1205, n. 82; p. 1220, n. 71; p. 1227, n. 45, 46; Trial, 38Cyc, p. 1542, n. 66 p. 1543, n. 67, 68, 69.

Appeal from the Circuit Court of the City of St. Louis.—Hon. Wilson A. Taylor, Judge.

AFFIRMED.

*Holland, Rutledge & Lashly* and *Ernest A. Green* for appellant.

(1) The court erred in refusing to give to the jury the peremptory instructions in the nature of demurrers to the evidence offered by the defendant at the close of the plaintiff's case and also at the close of the whole case. Plaintiff was not entitled to recover in this action, because of his own contributory negligence as disclosed by his own testimony. Kube v. Northwestern Coal & Mining Co., 209 S. W. 614; Thomas v. Atlas Portland Cement Co., 211 Mo. App. 141, 245 S. W. 575; Hall v. Kansas City Midland Coal & Mining Co., 249 S. W. 444; Berry v. Majestic Milling Co., 263 S. W. 406, 304 Mo. 292, affirming judgment (App.), 240 S. W. 829; Reynolds v. City Ice & Storage Co., 184 S. W. 934; Bathe v. Morehouse Stave & Mfg. Co., 201 S. W. 925, 199 Mo. App. 127; Adams v. Wabash R. R. Co., 199 S. W. 969. (2) The court erred in refusing to give to the jury instruction lettered H, same being a correct instruction requested by defendant upon the subject of accident, as there was abundant testimony in the case tend-

ing to show that plaintiff's injuries were caused by a mere accident. Henry v. Grand Avenue Ry. Co., 113 Mo. 525; Nehring v. Chas. M. Monroe Stationery Co., 191 S. W. 1054; Simon v. Metropolitan St. Ry. Co., 178 S. W. 449; Maloney v. United Rwys. Co., 237 S. W. 515.

*John F. Clancy, John S. Marsalek* and *Mark D. Eagleton* for respondent.

(1)   In ruling upon a demurrer offered at the close of the case the court will accept as true all evidence in the record in plaintiff's favor and will make every inference of fact in plaintiff's favor which a jury could, with any degree of propriety, draw therefrom. In ruling upon the demurrer the court will not draw inferences of fact in defendant's favor to countervail or overthrow inferences tending to support plaintiff's cause of action. Buesching v. Gas Co., 73 Mo. 219; Hall v. Coal & Coke Co., 260 Mo. 351; Lorton v. Railroad, 306 Mo. 137. The demurrer cannot be sustained unless the evidence, when considered in the light of the foregoing rule, leaves no room for men of reasonable intelligence to differ on an essential issue in the case. Steffens v. Fisher, 161 Mo. App. 386. It is not the law that a statement or inference against the plaintiff, found in or drawn from his testimony, is assumed to be true on demurrer. Benjamin v. Railroad, 245 Mo. 615-6; Rigley v. Pryor, 290 Mo. 10; Rowe v. U. Rys. Co., 211 Mo. App. 541; Downs v. Racine-Sattley Co., 175 Mo. App. 386-388; Anderson v. Davis, 284 S. W. 439. The trial court would not have been justified in holding plaintiff negligent as a matter of law, because he gave an affirmative answer to a question by defendant's counsel, on cross-examination, "Every time you went up on it (the ladder), you considered that you were taking your life in your hands." To segregate this proposition from the other facts and circumstances in evidence would violate the rule requiring the court to view the evidence in its light most favorable to plaintiff. Thornsberry v. Railroad, 178 S. W. 197; Brown v. Mill. Co., 217 S. W. 332; Gambino v. Coal Co., 180 Mo. App. 655; Flach v. Ball, 209 Mo. App. 398-9. (2)   Plaintiff could not be held guilty of contributory negligence, as a matter of law, because he knew of the defective and dangerous condition of the ladder. Under such circumstances the question of contributory negligence is for the jury, unless the danger is so glaring and imminent as to threaten immediate injury. Jewel v. Bolt & Nut Co., 231 Mo. 199, et seq.; Corby v. Tel. Co., 231 Mo. 442-3; Mueller v. Purina Co., 254 S. W. 720; Hamman v. Coal Co., 156 Mo. 243; Lampe v. Brew. Ass'n, 204 Mo. App. 387; Carter v. Baldwin, 107 Mo. App. 217, l. c. 229; Bowman v. Electric Co., 213 S. W. 164; State ex rel. v. Reynolds, 200 S. W. 58-9; McDonald v. Const. Co., 196 Mo. App. 65; Bliesner v. Distilling Co., 174 Mo. App. 147-8. (3)   Especially does the above rule

apply where, as in the present case, the plaintiff complains of the danger to the master and is ordered to proceed with the work. Burkard v. Rope Co., 217 Mo. 481; Buckner v. Horse & Mule Co., 221 Mo. 709; 5 Thompson, Negligence (2 Ed.), secs. 5378-79. (4) There being no evidence suggesting an unknown cause for the casualty, the court properly refused defendant's instruction H, on the theory of accident. Wise v. Transit Co., 198 Mo. 559-560; Zeis v. Brew. Assn., 205 Mo. 638; Turnbow v. Dunham, 272 Mo. 65; Beard v. Railroad, 272 Mo. 156; Dietzman v. Screw Co., 300 Mo. 214; Chaar v. McLoon, 304 Mo. 245-7; Lagarce v. Railroad, 183 Mo. App. 88; Cook v. Union E. L. & P. Co., 232 S. W. 248; Lamar v. Salt Co., 242 S. W. 690; Bethurkas v. Railroad, 249 S. W. 438; Head v. Lumber Co., 281 S. W., 444-5; Stewart v. Gas Co., 241 S. W. 912-3.

BECKER, J.—This is an action for damages for personal injuries sustained on July 3, 1924, by plaintiff, an employee of defendant, when he was caused to fall from a certain ladder. The verdict of the jury was for plaintiff in the sum of $5000, and judgment was duly rendered thereon, from which defendant has appealed.

The negligence pleaded and relied upon by plaintiff was as follows:

"1. Defendant negligently ordered, required, caused and permitted plaintiff to attempt to descend upon and use said ladder, although it was wabbly and shaky and not securely or adequately attached to its support and was short and not sufficiently high to enable plaintiff, while passing from said crane to it, to grasp and hold the same and support himself before and while stepping and passing upon it, and it was greasy, oily and slick, and by reason of the aforesaid conditions was likely to cause plaintiff to fall therefrom and was dangerous and not reasonably safe.

"2. Defendant negligently ordered, directed, caused, required and permitted plaintiff to use and attempt to use said ladder in descending from said crane as aforesaid, although in so doing plaintiff was required to step across a great and unreasonable distance to reach said ladder from said crane, and said crane and ladder were not close enough together and that plaintiff was likely to be caused to fall thereby and it was dangerous and not reasonably safe.

"3. Defendant negligently ordered, required, caused and permitted plaintiff to attempt to descend upon said ladder from said crane, although there was no platform or footing provided thereon or available to plaintiff to use in passing from said crane to said ladder, which was a great and unreasonable distance as aforesaid, and without such platform it was dangerous and not reasonably safe.

"4. Defendant negligently failed to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work, or reasonably safe methods of doing said work, as aforesaid, in that said

ladder was defective and dangerous as aforesaid, and not sufficiently high, and was wabbly and greasy, and was a great and unnecessary distance from said crane, and no platform was provided to be used in connection therewith, and plaintiff, in descending by means of said ladder as aforesaid, was likely to fall and be injured and was not reasonably safe.''

The answer was a general denial, coupled with a plea of contributory negligence, to the effect that plaintiff failed to exercise ordinary care to secure a firm hold upon the ladder, and to observe his surroundings and maintain his balance and equilibrium.

The reply was conventional.

Plaintiff was twenty-eight years of age at the time of his injury, and had been in the service of defendant for seven months. He was originally employed as an acetylene burner, but during the last five or six months of his employment he had been assigned duties as a millwright helper, under the direction of a foreman, Charles Pettit by name. On the day in question, plaintiff was engaged in doing certain work upon an overhead crane, thirty feet above the ground. While in the act of descending from the crane upon a ladder furnished by defendant for such purpose, he fell to the ground, whereby he sustained severe injuries, the nature and extent of which are not at issue in this appeal.

This ladder was described as a pipe ladder with iron rungs, and was fastened to a metal column by means of iron clamps that circled the side pipes and bolted to the column. Plaintiff's evidence disclosed, however, that certain of these clamps or supports near the top of the ladder were loose, and had been loose for about one month, during which period plaintiff had had occasion to use the ladder some six to ten times. Plaintiff had complained to Pettit, his foreman, of this condition of the ladder, but had been told by him that the ladder was all right; that it was just as good as it ever was; that it had always been that way—to go ahead and use it. It also appears that the top of the ladder had been secured with wires, and that these too had become loosened, rendering the ladder shaky. Additional complaints were that the rungs had become coated with grease, and that the ladder did not extend high enough, with the result that plaintiff, in attempting to get upon it, was compelled to work his way down to the lower part of the crane, and thence step over upon the third rung from the top. It was while his left foot was yet upon the crane and he was in the act of reaching over to take hold of the ladder, that the ladder moved, causing him to fall. There was some evidence that another ladder in defendant's establishment was so placed that one leaving it or getting upon it could step upon or from a platform constructed in front of the ladder, and that such a platform could

have been built in front of the particular ladder upon which plaintiff was injured.

Plaintiff testified that he had always been able to use the ladder with safety, and that upon this occasion he, "used it as carefully as he could;" that the other employees also used it; that he relied upon the assurance of his foreman that it was all right and was in the same condition as always; and that the ladder at the other times when he had used it, "did not come out as far as it did on this occasion," but, "got worse at times."

Defendant argues most earnestly that the court erred in refusing to give its requested peremptory instruction in the nature of a demurrer to all the evidence. It does not contend that there was no substantial evidence of actionable negligence on the part of defendant, but, to the contrary, insists that plaintiff was conclusively shown to have been guilty of contributory negligence as a matter of law. In the consideration of this point it is scarcely necessary to say that the evidence must be viewed in the light most favorable to plaintiff, in addition to which he must be allowed the benefit of all reasonable inferences of fact which the jury could with propriety have drawn therefrom, and that we may not draw inferences of fact in defendant's favor to countervail or overthrow inferences tending to support plaintiff's right to recover.

The evidence relied upon most strongly by defendant, as establishing the alleged fact of plaintiff's contributory negligence as a matter of law, is the following testimony elicited from plaintiff on cross-examination:

"Mr. Green (resuming examination) (Q); Did you keep on using the ladder from that time on until the time of the accident? A. Yes, sir.

"Q. Did you consider it unsafe? A. I did.

"Q. But notwithstanding the fact you considered it unsafe, you continue to use it? A. Yes, sir; I had to use it.

"Q. Up to the day you fell? A. I had to use it.

"Q. And during that entire period you thought it was dangerous and unsafe to make use of the ladder? A. I did."

. . . . . . .

"Q. And you considered it dangerous and unsafe? A. Yes, sir.

"Q. But still continued to use it? A. Yes, sir.

"Q. And every time you had occasion to use it, you used it? A. Yes, sir.

"Q. Every time you had to go up on the crane you went up on it? A. Yes, sir.

"Q. And every time you went up on it you considered that you were taking your life in your hands, did you? A. Yes, sir.

"Q. You never went up a single time but that you considered that in so doing you were doing a dangerous thing? A. Yes, sir.

"Q. And you looked at it every time you went up? A. Yes, sir."

That plaintiff knew that the ladder was in a defective and dangerous condition is not disputed. However, even though he appreciated such fact, the law is well settled that he was nevertheless not guilty of contributory negligence as a matter of law in continuing to use the ladder unless the danger to be experienced thereby was so obvious, imminent, and threatening that a reasonably prudent person would not have incurred the risk. [Jewell v. Kansas City Bolt & Nut Co., 231 Mo. 176, 132 S. W. 703; Corby v. Missouri & Kansas Tel. Co., 231 Mo. 417, 132 S. W. 712; Van Bibber v. Swift & Co., 286 Mo. 317, 228 S. W. 69; Edmondson v. Hotels Statler Co., 306 Mo. 316, 267 S. W. 612.] To put it in another way, if the facts and circumstances in evidence were such that reasonable minds might draw different conclusions therefrom, the question of plaintiff's contributory negligence was one for the jury.

Plaintiff's only obligation was to exercise ordinary care for his own safety, that is, such care as an ordinarily prudent person would have exercised under the same or similar circumstances. As our stated facts have indicated, all of the employees made use of this particular ladder, and plaintiff himself had always been able to use it safely, even though he appreciated the fact that it was shaky. Furthermore, it is to be inferred from plaintiff's testimony to the effect that the ladder did not always, "come out as far as it did on this occasion" but, "got worse at times;" that the ladder had not always been as shaky as at the moment of plaintiff's injury, and that the defective condition of the ladder had been progressive. But to our minds the controlling point is the fact that plaintiff, upon making complaint to his foreman of the shaky condition, was told that the ladder was all right, and its condition was the same as always, and that he should continue to use it. Such direction by the foreman, given in response to plaintiff's complaint, was clearly tantamount to an assurance to plaintiff by the foreman that the ladder could be used with reasonable safety. It must be presumed in favor of plaintiff that the foreman had knowledge superior to that of plaintiff as to the perils incident to the use of the ladder. Accordingly, in continuing to use the ladder, after having been so directed by his foreman, plaintiff had the right to rely, as he said he did, upon the assumption that Pettit had taken reasonable precautions to determine that the ladder was reasonably safe for his use. [Clark v. Union Iron & Foundry Co., 234 Mo. 436, 450, 137 S. W. 577; Sullivan v. Hannibal & St. J. R. Co., 107 Mo. 66, 17 S. W. 748; Bane v. Irwin, 172 Mo. 306, 316, 72 S. W. 522; Herdler v. Buck's Stove & Range Co., 136 Mo. 3, 37 S. W. 115; Barnard v. Waverly Brick & Coal Co., 189 Mo. App. 417, 176 S. W. 1108; Frey v. Krey

Packing Co. (Mo. App.), 260 S. W. 500; McCarver v. St. Joseph Lead Co., 216 Mo. App. 370, 268 S. W. 687; Braun v. Hydraulic Press Brick Co. (Mo. App.), 288 S. W. 941.]

Plaintiff made a rather poor witness for himself on cross-examination. But we are not unmindful that he was being interrogated by a most able and resourceful examiner, and that the most damaging expressions to be found in the record were not the language of plaintiff but that of counsel. But aside from this, we are primarily concerned with facts and not with theories. Plaintiff's opinion (if it may be said that it was his opinion) that he took his life in his hands every time he used the ladder, did not of itself convict him of contributing negligence as a matter of law, unless the facts in evidence as to the actual condition of the ladder bore out such opinion by disclosing conclusively that the danger was so obvious, imminent, and threatening that an ordinarily prudent person would not have used it. Clearly we cannot say as a matter of law that the facts, viewed most favorably to plaintiff, so showed, from which it follows that the issue of plaintiff's contributory negligence was properly one for the jury to determine.

Another assignment of error is that the court erred in refusing to instruct the jury, at the request of defendant, that if they should find and believe from all the evidence that plaintiff was caused to fall by reason of a mere accident, mischance, or misfortune, without any negligence on the part of either plaintiff or defendant, their verdict should be for defendant. This instruction was drawn in proper terms, if it was otherwise appropriate under the issues raised by the pleadings and the evidence. Defendant argues that it was predicated upon the testimony of defendant's witness, Pettit, that plaintiff had told him that he thought he caught his pants' leg on the ladder which jerked his foot off the rung and caused him to fall, and that probably having grease on his hands they were jerked loose by his fall; and also upon the testimony of another witness for defendant to the effect that plaintiff had told him that a piece of wire had caught in his trousers and must have tripped him.

An accident has been defined as the happening of an event from an unknown cause. [Zeis v. St. Louis Brewing Assn., 205 Mo. 638, 104 S. W. 99; Chaar v. McLoon, 304 Mo. 238, 263 S. W. 174; Felver v. Central Electric R. Co., 216 Mo. 195, 115 S. W. 980; Henry v. Grand Ave., R. Co., 113 Mo. 525, 21 S. W. 214; Simon v. Met. St. Ry. Co. (Mo.), 178 S. W. 449; Yawitz v. Novak (Mo.), 286 S. W. 66.]

It is well settled that where the evidence discloses that plaintiff's injuries were caused by his own negligence, by that of defendant, or by the concurring negligence of both, or, in the absence of evidence tending to show or suggest some unknown cause of the casualty, an instruction of the kind in question should not be given. The mere fact

that certain witnesses testify to a version of the occurrence which, if believed by the jury, would sufficiently account for the happening and would permit a finding that it had occurred without negligence on the part of either party, does not authorize the giving of an instruction upon the subject of accident. The evidence relied upon by defendant in this case presented a definite state of facts which should have been submitted to the jury for their consideration, if defendant so desired, under a proper instruction requiring the jury thus to determine whether the conduct in question was or was not negligent. It follows, therefore, that the refusal of this instruction was proper. [Head v. M. E. Leming Lbr. Co. (Mo. App.), 281 S. W. 441; Turnbow v. Dunham, 272 Mo. 53, 197 S. W. 103; Beard v. Mo. Pac. R. Co., 272 Mo. 142, 197 S. W. 907; Wise v. St. Louis Transit Co., 198 Mo. 546, 95 S. W. 898; Dietzman v. St. Louis Screw Co., 300 Mo. 196, 254 S. W. 59; Lamar v. Morton Salt Co. (Mo. App.), 242 S. W. 690; Biskup v. Hoffman, (Mo. App.), 287 S. W. 865; Bethurkas v. Chicago, M. & St. P. R. Co. (Mo. App.), 249 S. W. 438; Conrad v. Hamra (Mo. App.), 253 S. W. 808; Mills v. F. W. Steadley & Co. (Mo. App.), 279 S. W. 160, and cases, supra.]

Finding no error in the trial of this case materially affecting defendant's rights, the judgment should be affirmed. It is so ordered. *Daues, P. J.,* and *Nipper, J.,* concur.