JUNIOR WILSON, by Next Friend, FOSTER WILSON, Appellant, v. THOMPSON CHATTIN.—72 S. W. (2d) 1001.

Division One, June 12, 1934.

*Mytton, Parkinson & Norris* for appellant.

*F. P. Stapleton* for respondent.

ATWOOD, P. J.—This is an action for damages laid at $10,000 on account of personal injuries alleged to have been sustained by Foster Wilson, a minor child then seven years of age, in a collision with an automobile driven by Thomas Chattin. From a judgment

for defendant plaintiff has appealed. The only errors assigned are to the giving of Instructions D and E requested by defendant.

The assignments of negligence submitted by plaintiff were excessive rate of speed, failure to keep a lookout, and failure to check the speed of the automobile or turn the same aside to avoid striking plaintiff.

Instruction D was as follows: "The Court instructs the jury that if you find and believe from the evidence that the plaintiff's injuries, if any, were caused solely by an unavoidable accident then your verdict will be for the defendant. You are further instructed that an accident is such an unavoidable casualty as occurs without anybody being to blame for it, that is, without anybody being guilty of negligence in doing or permitting to be done, or in omitting to do the particular thing that cause such casualty."

Counsel for appellant say that the giving of the above accident instruction was reversible error because there was no "evidence tending to show or even suggest an unknown cause of the casualty," citing Hogan v. Kansas City Public Service Company, 19 S. W. (2d) 707, 322 Mo. 1103; and Sneed v. St. Louis Public Service Company (Mo. App.), 53 S. W. (2d) 1062, 1066.

In the Hogan case (l. c. 712, 713) we said that to bring a casualty within the legal meaning of the term accident, an "essential requirement is that the happening be one to which human fault does not contribute;" and "when, as here, the misadventure resulted from known actions of known persons and things, the giving of an accident instruction is error by the great weight of recent authority in this State." The rule there announced and reasoned at length has been approved in Baker v. Chicago, B. & Q. Railroad Co., 39 S. W. (2d) 535, 541, 327 Mo. 986; Wright v. Quattrochi, 49 S. W. (2d) 3, 6, 330 Mo. 173; Sneed v. St. Louis Public Service Co. (Mo. App.), 53 S. W. (2d) 1062, 1066; Mitchell v. Dyer (Mo.), 57 S. W. (2d) 1082, 1083; Kaley v. Huntley, 333 Mo. 1, 63 S. W. (2d) 21, 25; Brewer v. Silverstein (Mo.), 64 S. W. (2d) 289, 292, and other cases.

Counsel for respondent seeks to distinguish the instant case from the above cited cases by suggesting that as the jury in this case found that the casualty was not caused by the negligence of defendant, and as plaintiff, because of his tender years, could not under the law have been guilty of contributory negligence, the injury occurred from a known cause which was not the result of human agency or fault, and an accident instruction was proper. This argument overlooks the above-quoted part of the opinion in the Hogan case to the effect that it is error to give an accident instruction when "the misadventure resulted from known actions of known persons and things," and is thus further answered in the same case (l. c. 1117): "It has long been ruled that, when the issue is simply one

of the defendant's negligence *vel non,* the giving of an accident instruction is error." The record here discloses that the casualty resulted from known actions of known persons, and on defendant's own theory that plaintiff was too young to be charged with negligence the sole issue was whether or not defendant was guilty of negligence which was the proximate cause of plaintiff's injuries. An accident instruction could only serve to confuse and mislead the jury on this issue, and it was prejudicial error to give it.

Appellant also complains of the giving of Instruction E, which is as follows: "The Court instructs the jury that if you find and believe from the evidence that the defendant, Thompson Chattin, did not see the plaintiff, prior to the injury, and, by the exercise of due care on his part could not have seen him in time, by the exercise of due care, to have avoided the accident, then your verdict must be for the defendant."

The part criticised is that requiring only "the exercise of due care" on the part of defendant to have seen plaintiff in time and "to have avoided the accident." In Cornovski v. Transit Co., 207 Mo. 263, 279, 106 S. W. 51, we said: "Due care is ordinary care. Ordinary care is defined as the care that would be exercised by a reasonably prudent person under the same or similar circumstances." This requirement of the exercise of only ordinary care on the part of defendant to see plaintiff and avoid injuring him is at distinct variance with plaintiff's given instruction wherein one of the grounds of negligence submitted was that "said defendant negligently drove said motor vehicle at said time without keeping any watch or lookout for persons upon said highway and crossing the same, including the plaintiff," and wherein the word "negligently" as used in that instruction was defined as meaning "the failure to exercise the highest degree of care" or "such care as would ordinarily be used by a very careful and prudent person under like or similar circumstances." Moreover, Instruction E permitted a verdict for defendant although it ignored other grounds of negligence submitted in plaintiff's main given instruction. It was prejudicial error to so instruct the jury.

For the reasons above stated the judgment is reversed and the cause remanded for a new trial. All concur.