**O. W. LITTLE, Respondent,**

v.

**Elliott WILKERSON, Appellant.**

**No. 44052.**

Supreme Court of Missouri.

Division No. 1.

Dec. 13, 1954.

Breuer & Northern, Rolla, Donnelly & Donnelly, Lebanon, for appellant.

Neale, Newman, Bradshaw, Freeman & Neale, Jean Paul Bradshaw, Springfield, for respondent.

LOZIER, Commissioner.

Plaintiff-respondent (herein called plaintiff) sued defendant-appellant (herein called defendant) for $43,000, in three counts, for personal injuries, property damages and loss of his wife's consortium and society. The verdict was for defendant. The trial court granted plaintiff a new trial on the ground that Instruction D–2, given at defendant's request, was erroneous. Defendant appealed.

The only issue defendant makes here is the propriety of Instruction D–2. Hence, we need only to summarize briefly the evidence relating to that issue.

On January 6, 1951, plaintiff, accompanied by his wife, was driving eastward and defendant, accompanied by his wife, was driving westward on Highway 66. About 5:45 p. m., the two cars collided on a curve in Laclede County about 14 miles west of Lebanon. The highway there ran generally north and south. The curve was "banked," i. e., the pavement sloped slightly from the west edge of the westbound lane (defendant's) to the east edge of the eastbound lane (plaintiff's). There was ice and snow on the pavement. The lights of plaintiffs and defendant's cars, and of other cars on the highway in the vicinity, were lit.

Plaintiff, his wife and Harvey A. Jacobs (who was driving about 200 feet behind plaintiff) testified that defendant's car suddenly turned out of his lane, from behind another westbound car, and into plaintiff's lane about 20–25 feet in front of plaintiff— so suddenly, said plaintiff, that he did not

have time to get out of the way of defendant's car and, according to Jacobs, "directly in front of" plaintiff's car. Plaintiff did not know how defendant's car got into his travel lane, "I just know it got there. I don't know whether it skidded or drove straight in." Defendant conceded that plaintiff was not negligent.

Defendant's version was that he was not trying to pass another car (he did not remember seeing a car ahead of him until "he went along"). Defendant and his wife testified that a car behind him struck his rear bumper a "slight bump." Defendant said that he lost control of his car and, because of the ice and snow and the slope of the pavement downward toward the other lane, skidded over into that lane and slid "half a city block" before colliding with plaintiff's car.

Plaintiff's Instructions P–1, P–2 and P–3 authorized a plaintiff's verdict upon each of the 3 counts in the petition. Each hypothesized, inter alia, that defendant "negligently failed to keep" his automobile "as near its right-hand side of the highway as practicable * * * and that as a direct result of such negligence" defendant's car "was caused or permitted * * * to cross over to its left-hand side of said highway and there to collide" with plaintiff's car.

Defendant's Instruction D–1 told the jury that "it does not follow that because there was an accident and someone injured, there can be a recovery by the plaintiff in this case. It must have been an injury caused by some actionable negligence of the defendant," and that the fact that the defendant owned and operated his car was not sufficient to create liability "because, if there is no negligent act or negligent omission on his part as the driver of the car, the fact of ownership and operation of the car does not make the defendant liable for damages."

Defendant's Instruction D–4 told the jury, inter alia, that a plaintiff's verdict would be authorized only if defendant "was at the time of the accident guilty of negligence," and that such negligence "directly caused the collision," that defendant was not negligent in operating his automobile, "and that while so operating his motor vehicle * * * his said automobile skidded over into" plaintiff's lane "and that such skidding was not caused by any act of negligence on" his part.

Thus, in those five instructions, the parties submitted their respective cases upon the theory that the collision resulted from defendant's operation of his car on the wrong side of the highway and that such operation was or was not negligence. In other words: While plaintiff hypothesized that defendant's presence in his (plaintiff's) lane was negligence and defendant hypothesized that it was not, both hypothesized that the *cause* of the collision was defendant's presence in plaintiff's lane. (In his brief, defendant concedes that "appellant's being on the wrong side of the road made a jury question as to whether appellant was *negligently* on the wrong side of the road.")

However, defendant now contends that his presence in plaintiff's lane was not the *cause* of the collision. As stated, the trial court granted a new trial for the giving of defendant-requested Instruction D–2. That instruction was:

"The jury are further instructed that, if you believe and find from the evidence that the injury to plaintiff, if he was injured, was caused by an accident, mischance, or misfortune, and not due to any negligence on the part of either the plaintiff or the defendant contributing thereto, then the plaintiff is not entitled to recover, and your verdict must be in favor of the defendant."

Defendant contends that Instruction D–2 was properly given. He cites only Hogan v. Kansas City Public Service Co., 322 Mo. 1103, 19 S.W.2d 707, 65 A.L.R. 129, which he says "is a land-mark case for the rule governing the propriety of giving an 'accident' instruction. The court there stated that an 'accident' instruction is proper only in instances in which there is evidence tending to show that the cause of the casualty is unknown. The court

said in 19 S.W.2d 707, at page 714: 'Negligence is simply a quality of an *act* of commission or omission, and only when the record supports an inference that the occurrence proceeded from an unassignable cause may the instruction be given.' In the instant case, the *cause* of the casualty is unknown and unassignable."

Defendant argues: "There was no testimony showing a known cause of appellant being on the wrong side of the road; therefore, there is no testimony showing a known cause of the casualty"; there was testimony that the pavement was both "slippery" and sloped toward plaintiff's lane and that another car struck the rear bumper of defendant's car and knocked it out of control; "nowhere in the transcript is there testimony which would enable an examiner of the transcript to ascertain the *cause* of appellant's vehicle sliding or going over into respondent's lane of travel. * * * Appellant submits that it cannot validly be said that the *cause* of the collision was appellant's mere being on the wrong side of the road."

It is not material that the argument ignores the evidence from which the jury could have reasonably inferred that defendant's presence in the other lane was due to his negligence in attempting to pass another westbound car. The fatal weakness of the argument is its failure to distinguish between the *cause* of the collision (defendant's presence in plaintiff's lane) and defendant's *negligence* or *non-negligence* (in getting into the other lane). The obvious *cause* of the collision was the sole circumstance submitted by both parties as the *cause,* viz., defendant's presence in plaintiff's lane. The conflicting evidence as to when, how and why defendant got into that lane—while material to the issue of defendant's *negligence* in getting into that lane—was not material to the issue (if, indeed there was any such issue) as to the *cause* of the collision. Irrespective of whether defendant negligently drove into plaintiff's lane or non-negligently skidded into that lane, defendant's presence in that lane was clearly the *cause* of the collision.

We rule that, inasmuch as the cause of the collision was known, instant "accident" Instruction D–2 was improperly given. Hogan v. Kansas City Public Service Co., 322 Mo. 1103, 19 S.W.2d 707, 714[13, 14], 65 A.L.R. 129; Phillips v. Vrooman, 361 Mo. 1098, 238 S.W.2d 355, 358[3, 4]; Kaley v. Huntley, 333 Mo. 771, 63 S.W.2d 21, 25[13, 14]; Wright v. Quattrochi, 330 Mo. 173, 49 S.W.2d 3, 6[1]; Wilson v. Chattin, 335 Mo. 375, 72 S.W.2d 1001, 1002[1]; Jones v. Goldberg, Mo.App., 78 S.W.2d 509, 510–511; Crowell v. St. Louis Screw Co., 220 Mo.App. 728, 293 S.W. 521, 523[5]; Tramill v. Prater, 236 Mo. App. 757, 152 S.W.2d 684, 689[4].

The order granting a new trial is affirmed and the cause is remanded.

VAN OSDOL and COIL, CC., concurs.

PER CURIAM.

The foregoing opinion by LOZIER, C., is adopted as the opinion of the court.

All concur.