Lansing LITTLEFIELD, Appellant,

v.

Alva C. LAUGHLIN, Respondent.

No. 47075.

Supreme Court of Missouri,
Division No. 2.

Sept. 14, 1959.

Motion for Rehearing or to Transfer to Court en Banc Denied Oct. 12, 1959.

Edward V. Sweeney, Monett, for appellant.

Karl Blanchard, Seiler, Blanchard & Van Fleet, Joplin, for respondent.

STOCKARD, Commissioner.

In this res ipsa loquitur action plaintiff sought $25,000 for personal injuries sustained when a chain broke and a home-made elevator supported thereby fell. The jury returned a verdict for defendant and plaintiff has appealed from the ensuing judgment. The parties will be referred to as in the trial court.

Plaintiff's only contention on this appeal is that the trial court erred in giving what is commonly referred to as an accident instruction, but defendant contends that plaintiff did not make a submissible case and that any alleged error in the instruction is immaterial.

Plaintiff was an employee of defendant who operated a poultry farm. In one of his buildings he had constructed an elevator. The movable portion consisted of a wooden platform with no sides or roof. At each end there was a triangular wooden frame five feet in height, and extending between the top of these two frames was what is referred to as a "bail" but which appears in a photograph to be a 2 by 8 inch piece of lumber. The lifting and lowering mechanism of the elevator consisted of an electric motor and hoist fastened to or suspended from the roof of the building. A metal chain, constructed in the same manner as that used on motorcycles, but of larger and heavier construction, extended through the hoist and one end was secured to the "bail" of the elevator. Hanging from the motor was a cord and a small chain. The platform was caused to rise by pulling the cord and caused to descend by pulling this small chain. The platform moved at the rate of 17 feet per minute, and in order to keep it moving it was necessary to maintain tension on the cord or small chain.

Plaintiff and Miles Fletcher, a fellow employee, used this elevator in their work, and on December 14, 1956, while they were taking a chicken nest from the third and top floor of the building to the first floor the chain broke and the elevator platform fell. According to plaintiff and Fletcher it fell 18 to 20 feet. But, the maximum possible vertical movement of the elevator was less than 18 feet, and by reason of the amount of chain remaining secured to the platform it is difficult to see how it possibly could have fallen more than 6 feet.

Plaintiff pleaded general negligence and submitted his case on the res ipsa loquitur doctrine, and the unusual occurrence hypothesized from which it is contended that

the jury was authorized to infer negligence on the part of defendant was that "the chain which supported the elevator broke, causing the elevator to fall to the bottom of the building."

The doctrine of res ipsa loquitur applies only "when (a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities involved were under the management and control of the defendant; (c) and the defendant possesses superior knowledge or means of information as to the cause of the occurrence." McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 559, 92 A.L.R. 641; Cruce v. Gulf, Mobile & Ohio R. Co., 358 Mo. 589, 216 S.W.2d 78; Layton v. Palmer, Mo.Sup., 309 S.W.2d 561, 66 A. L.R.2d 1242. The breaking of a chain being used to support an elevator is not something which in the ordinary course of things happens absent negligence. "The rule of res ipsa loquitur is peculiarly applicable to an injury arising from the falling of an elevator, and hence such falling raises a presumption of negligence which, in the absence of explanation by the proprietor, carries the action for the injuries to the jury." 18 Am.Jur., Elevators and Escalators, § 71. See Orcutt v. Century Bldg. Co., 201 Mo. 424, 99 S.W. 1062, 8 L.R.A.,N.S., 929, where in a falling elevator case specific negligence was pleaded but the court commented on the application of the res ipsa loquitur doctrine, and see also Kiernan v. Herbert M. Baruch Corporation, 20 Cal.App.2d 289, 66 P.2d 748; Artificial Ice & Cold Storage Co. v. Waltz, 86 Ind.App. 534, 146 N.E. 826; Annotations, 2 L.R.A.,N.S., 744, at page 749; 13 L.R.A., N.S., 601, at page 619; 29 L.R.A.,N.S., 808, at page 816; L.R.A.1917E, 239. This does not mean that the chain could not have broken without negligence, but it is an occurrence, which in itself and without explanation, speaks of negligence.

The jury was unquestionably justified in finding from the evidence that the instrumentality involved in the unusual occurrence was under the management and control of defendant. See Maxie v. Gulf, M. & O. R. Co., 356 Mo. 633, 202 S.W.2d 904, 911. It is true that at the time of the occurrence Fletcher was operating the mechanism to lower the elevator, but the fundamental test of the applicability of res ipsa loquitur "that the instrumentality be under the management and control of the defendant does not mean, or is not limited to, actual physical control, but refers rather to the right of control at the time the negligence was committed." McCloskey v. Koplar, supra, 46 S.W.2d at page 560; Cruce v. Gulf, Mobile & Ohio R. Co., 361 Mo. 1138, 238 S.W.2d 674, 677.

Defendant contends, however, that no submissible case was made because "plaintiff and his witness Fletcher had superior knowledge or at least equal opportunity to know and determine what caused the chain to break." Defendant relies primarily on Klebe v. Parker Distilling Co., 207 Mo. 480, 105 S.W. 1057, 13 L.R.A.,N.S., 140; Sabol v. St. Louis Cooperage Co., 313 Mo. 527, 282 S.W. 425; Grindstaff v. J. Goldberg & Sons Structural Steel Co., 328 Mo. 72, 40 S.W.2d 702, and Pronnecke v. Westliche Post Pub. Co., 220 Mo.App. 640, 291 S.W. 139. Those cases involved master and servant situations, as does this case, and on the question of equal opportunity to know or determine the cause of the unusual occurrence considerable reliance was placed on the fact that the plaintiff was an employee of the defendant and, as a general rule, would have as good or better opportunity to know or determine the cause of the casualty. The language in some of the above cases seems to imply that the res ipsa loquitur doctrine should be applied with great caution in master and servant situations, but there is no doubt that the doctrine is applicable to such cases provided the facts are sufficient for its application. Cruce v. Gulf, Mobile & Ohio R. Co., 358 Mo. 589, 216 S.W.2d 78; Gordon v. Muehling Packing Co., 328 Mo. 123, 40 S.W.2d 693; Beebe v. St. Louis Transit

Co., 206 Mo. 419, 103 S.W. 1019, 12 L.R.A., N.S., 760; 35 Am.Jur., Master and Servant, § 498. The fact alone that there exists an employer and employee relationship has no bearing on the issue of the application of the rule. Charlton v. Lovelace, 351 Mo. 364, 173 S.W.2d 13, 16. The Pronnecke and Sabol cases, relied on by defendant, involved falling objects. In both cases it was held that the res ipsa loquitur doctrine did not apply, and in each case considerable reliance was placed on the determination that the facts were not peculiarly within the knowledge of the employer and that the employee had a better or at least an equal opportunity to know or determine the cause of his injury. Whether or not we would agree with the results there reached, in view of the facts of this case we do not consider the results of those cases to be controlling. The facts of Klebe v. Parker Distilling Co., supra [207 Mo. 480, 105 S.W. 1060], are very similar to those of this case except that a cable instead of a chain broke and permitted the elevator to fall. The res ipsa loquitur doctrine was held inapplicable because the elevator was not "peculiarly within his [employer's] knowledge and under his control," and the employee was in a better position to explain the cause of the accident than the employer. Under the facts of that case we think the result reached was incorrect. In Grindstaff v. J. Goldberg & Sons Structural Steel Co., supra, a chain supporting a truss broke and an employee was injured. It was held that no submissible case under the res ipsa loquitur doctrine was made because an inference that the unusual occurrence was due to a cause or causes other than the negligent act of defendant could as reasonably be drawn. Some of the language in that case, which is rather restrictive of the application of the res ipsa loquitur doctrine, seems not to be completely in accord with that of the court en banc in the recent case of Adam Hat Stores, Inc. v. Kansas City, Mo.Sup., 316 S.W.2d 594, but in any event, in this case we think the permissible inference of negligence on the part of defendant and the inference that the chain broke because of negligence or an occurrence for which defendant was not responsible are not equal.

We conclude that the evidence in this case was sufficient to show that defendant did possess superior knowledge or means of information as to the cause of the occurrence. Defendant knew how frequently, if at all, the chain had been inspected, what maintenance it had required, if any, and what had been done to prevent rust or other deterioration. In addition, he had possession of the broken chain and had repaired it, and he either kept, or could have retained, the broken parts for examination. We do not have the situation where an employee is furnished a tool or appliance for his exclusive use and he is in possession of it and is charged with its care and maintenance. Here plaintiff had no duties whatever concerning the inspection or maintenance of the elevator or the chain suspending it. In a factual situation such as this, one of the principal issues is whether the defendant performed his duty to maintain and inspect the chain, and if so whether he would have discovered the defect. Certainly defendant had either superior knowledge of the cause of the occurrence or a better opportunity to determine the cause than did plaintiff who had no control over the chain or duty to maintain or inspect it, and who did not have possession of it or the broken parts after the occurrence.

Defendant next contends that plaintiff's evidence failed to exclude the hypothesis the chain broke from some act of plaintiff or of Fletcher or from some concealed defect. In a res ipsa loquitur case a plaintiff is not required to present evidence to overcome every reasonable theory of nonliability on the part of the defendant. Shafer v. Southwestern Bell Telephone Co., Mo.Sup., 295 S.W.2d 109, 113. This matter was expressly considered recently by the court en banc in Adam Hat Stores, Inc. v. Kansas City, Mo.Sup., 316 S.W.2d 594,

599, and it was there said: "[W]e hold that the possibility of the [water] main breaking from some cause for which the city would not be liable does not preclude the right of plaintiff to submit to the jury the issue of the break being caused by negligence of the city. When it is once determined under the res ipsa doctrine that the breaking of the main raised a reasonable inference of negligence, * * * it is not necessary that the plaintiff go further and exclude every other reasonable theory of nonliability on the part of the defendant. 'If a plaintiff in [a res ipsa case] were required to produce evidence that would exclude every reasonable theory but that of negligence of the defendant the doctrine would be annihilated.'" We recognize that there are a few cases in which statements can be found which appear to be to the contrary, and the rulings in Grindstaff v. J. Goldberg & Sons Structural Steel Co., supra, and Klebe v. Parker Distilling Co., supra, appear to be based at least in part on the determination that the plaintiff did not present evidence which affirmatively eliminated possible causes of the unusual occurrence other than defendant's negligence. In that respect those cases are not in accord with the recognized principles of the res ipsa loquitur doctrine, and are contrary to recent rulings of this court. Frazier v. Ford Motor Co., 365 Mo. 62, 276 S.W.2d 95, cites and discusses some of these cases, and holds, in substance, that in a res ipsa loquitur case the plaintiff's evidence must give rise to a more reasonable inference that plaintiff's injuries were the result of negligence chargeable to defendant than to negligence or an occurrence for which defendant was not liable in law. Plaintiff's evidence in this case meets that test. We conclude and hold that plaintiff made a submissible case under the res ipsa loquitur doctrine.

Defendant contended at the trial and contends on this appeal that the chain broke without any negligence on his part, and at his request the trial court gave instruction 8 which was as follows: "The court instructs the jury that if you find from the evidence that the breaking of the chain was the result of an accident, then your verdict will be for the defendant. By the term 'accident' is meant such an unavoidable casualty as occurs without anybody being guilty of negligence in doing or permitting to be done, or in omitting to do, the particular thing that caused such casualty."

Hogan v. Kansas City Public Service Co., 322 Mo. 1103, 19 S.W.2d 707, 713, 65 A.L.R. 129, is regarded as a land-mark case concerning the giving of an accident instruction. It was there said: "The word 'accident,' in a popular acceptation and sometimes in law, may denote an occurrence arising without intent or design, or even from the carelessness of man; but in the law of negligence it signifies an event resulting in damage or injury, proceeding from an unknown cause, or from a known cause without human agency or without human fault. * * * The essential requirement is that the happening be one to which human fault does not contribute, * * *. But, when the cause of accident is known, it is better to instruct the jury on the specific issues of fact presented, and so the practice has grown up under our case law of limiting the giving of accident instructions to instances in which there is evidence tending to show the cause is unknown—on the theory that the contrary and more abstract course would confuse the jury." It was also stated that an accident instruction is not necessarily proper because the evidence permits an inference that the participants and litigants were innocent of negligence, but that there must be "something in the record tending to show the casualty resulted from an *unknown cause*," and that "When * * * the misadventure resulted from known actions of known persons and things, the giving of an accident instruction is error * * *." After discussing numerous cases pertaining to accident instructions, it was then stated in the Hogan case that "it has long

been ruled that, when the issue is simply one of the defendant's negligence vel non, the giving of an accident instruction is error," and that "Negligence is simply a quality of an *act* of commission or omission, and only when the record supports an inference that the occurrence proceeded from an unassignable cause may the instruction be given."

Prior to the Hogan case this court had approved, under certain circumstances, the giving of an accident instruction. See Henry v. Grand Ave. Ry. Co., 113 Mo. 525, 21 S.W. 214, and Doody v. California Woolen Mills Co., Mo.Sup., 216 S.W. 531. However, our research has disclosed no case subsequent to the Hogan case in which an accident instruction has been approved, and we find it difficult to conceive of a factual situation in which an accident instruction may properly be given under the rules there set out notwithstanding the language indicating that such situations could exist. For a few of the cases which relied on the rules pronounced in the Hogan case for disapproving the giving of an accident instruction, see Wright v. Quattrochi, 330 Mo. 173, 49 S.W.2d 3; Mitchell v. Dyer, Mo.Sup., 57 S.W.2d 1082; Brewer v. Silverstein, Mo.Sup., 64 S.W.2d 289; Wilson v. Chattin, 335 Mo. 375, 72 S.W.2d 1001; Phillips v. Vrooman, 361 M. 1098, 238 S.W.2d 355; Dill v. Dallas County Farmers' Exchange No. 177, Mo.Sup., 267 S.W.2d 677; Little v. Wilkerson, Mo.Sup., 273 S.W.2d 182; Klesath v. McQueen, Mo.Sup., 312 S.W.2d 122; Jones v. Goldberg, Mo.App., 78 S.W.2d 509.

The cause of the casualty or accident or misadventure, or whatever other term is used, in this case was the breaking of the chain. The cause therefore was known, and if defendant's accident instruction, by reason of its wording, is not entitled to be treated different from the instructions in the above cited cases, it was prejudicially erroneous under the rules announced in the Hogan case and approved by many subsequent decisions. In the Hogan case, and those cases cited above, the instruction held erroneous was to the effect that if the jury found that plaintiff's *injuries* resulted from an accident then its verdict should be for the defendant. In this case, instruction 8 submitted that if the jury found that "the breaking of the chain" was the result of an accident, as that term was defined, the jury should find for defendant. Defendant contends that while it is known that the cause of the elevator falling was that the chain broke, the cause of the chain breaking is not known, and that is what he submitted in his instruction as an accident.

What defendant has done in this case is to move back one step in the chain of causal events, and submit that occurrence as an accident. The breaking of the chain was the proximate cause of plaintiff's injuries, and that cause is known, but defendant, in effect, states that the cause of the proximate cause is unknown, and therefore, under the Hogan and other cases, he may submit that occurrence as constituting an accident. Of course, if this were permissible, then an accident instruction of the type here submitted would be authorized in every res ipsa loquitur case and in many if not most specific negligence cases. We see no material difference, at least no difference that would be readily apparent to a jury, in submitting in this case that the cause of plaintiff's injuries was an accident and that the cause of the chain breaking, from which the injuries resulted without the intervention of any additional agency, was an accident. Whether the breaking of the chain resulted from some negligent act of commission or omission of the defendant was the ultimate issue in this case, and in the Hogan case it was stated that when "the misadventure resulted from known actions of known persons and things [which it did in this case], the giving of an accident instruction is error." It was also stated that "when the issue is simply one of the defendant's negligence vel non, the giving of an accident instruction is error." See also Wilson v. Chattin, supra, and Brewer v. Silverstein, supra.

We have found no case in which there has been a discussion of the difference, if any, of an instruction such as the one here and one where it was submitted that the injuries were the result of an accident. But, in Automobile Ins. Co. of Hartford v. J. C. Nichols Company, Mo.App., 309 S.W.2d 698, 699, damages to property resulting from smoke was sought under the res ipsa loquitur doctrine. An instruction was to the effect that if the jury found that "the fire which caused the smoke" was the result of an accident the verdict should be for defendant. This instruction was held to be erroneous under the rule of the Hogan case, because "the cause of the loss, fire in the welding equipment, was known."

A recent case, applicable by analogy, is Little v. Wilkerson, supra [273 S.W.2d 182, 184]. There plaintiff's and defendant's automobiles collided when defendant's automobile crossed over into plaintiff's lane of travel. Defendant requested and the court gave an instruction that if the jury found that plaintiff's injuries resulted from an accident and not due to any negligence then plaintiff was not entitled to recover. Defendant contended that his car slid or skidded into plaintiff's lane and the cause of its doing so was unknown. The language of the court holding the submission erroneous would apply to the instruction that was given or to one submitting that the sliding of defendant's car into plaintiff's lane was an accident. It was said: "The fatal weakness of the [defendant's] argument is its failure to distinguish between the *cause* of the collision (defendant's presence in plaintiff's lane) and defendant's *negligence* or *non-negligence* (in getting into the other lane). * * * The conflicting evidence as to when, how and why defendant got into that lane—while material to the issue of defendant's *negligence* in getting into that lane—was not material to the issue (if, indeed there was any such issue) as to the *cause* of the collision." In the pending case the cause of the casualty was the breaking of the chain and the conflicting evidence as to why

the chain broke (in this res ipsa loquitur case, on one side the facts from which an inference of negligence could be drawn and on the other side the facts from which it could be inferred that the chain broke without negligence on the part of defendant) was material only to the issue of defendant's negligence, and "the issue [was] simply one of the defendant's negligence vel non."

An instruction that the injuries of plaintiff or that the breaking of the chain was the result of an accident was error under the rule in the Hogan case and as that rule has uniformly been applied in subsequent cases, and we must conclude that the instruction given in this case was erroneous.

We cannot escape the conclusion that the real and basic reason that an accident instruction is erroneous is that it is so confusing as to be misleading and it tends to inject foreign issues. It was so recognized in the Hogan case, but that case has been somewhat misleading in that it indicates that such an instruction is permissible under some factual circumstances which subsequent judicial examination has revealed are more academic than real. Defendant contends in this case that the accident instruction is really a converse of plaintiff's verdict instruction, but of course, a suitable and complete converse instruction can be given without injecting the confusing and unnecessary issue of whether the occurrence was an accident.

There is another basic reason why this instruction is erroneous. It directed a verdict for defendant if the jury found that the breaking of the chain was an accident, but "It has been emphasized that the purpose of a verdict-directing instruction * * * is to make clear to the jury the essential fact issues which they are called upon to decide, and that where the evidence relating to such issues is conflicting and divergent, some of it supporting and other portions opposing the particular verdict, the instruction should in that event hypothesize, either by express recital or by

reference to other instructions, the facts essential in law to support the verdict, whether it be to direct or to defeat a right of recovery." Ferguson v. Betterton, 364 Mo. 997, 270 S.W.2d 756, 761; Hooper v. Conrad, 364 Mo. 176, 260 S.W.2d 496; Sommer v. St. Louis Public Service Co., Mo.App., 262 S.W.2d 335. Plaintiff relied upon the fact that the chain broke as the basis of inferring negligence under the res ipsa loquitur doctrine, but defendant offered evidence from which it might be inferred that the cause of the chain breaking was unknown or that it was a latent defect. Therefore, some of the evidence supported and other evidence opposed the verdict authorized by the instruction. Under these circumstances, the proper and only way, to submit the theory that the breaking of the chain was an accident, as defined in the instruction, was to hypothesize the facts supported by evidence from which the jury would be authorized to find that the chain broke without any negligence on the part of defendant, and defendant could not properly submit only the conclusion that the cause was an accident. See also the comment in Klesath v. McQueen, Mo.Sup., 312 S.W.2d 122, at page 126, a res ipsa loquitur case, where it was said that if the cause of the casualty is known, but it is contended that it occurred without human agency or fault, "the facts tending to support the theory of accident should be hypothesized in the instruction."

We necessarily conclude that instruction 8 was erroneous under the circumstances, and for that reason the judgment is reversed and the cause remanded.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.