[Civ. No. 1125.   Fifth Dist.   Oct. 8, 1969.]

WOODROW CARRICK, Plaintiff and Appellant, v. EBB POUND, Defendant and Respondent.

John Shephard and Donald H. Smith for Plaintiff and Appellant.

Douglas B. McDonald and James E. Donahue for Defendant and Respondent.

COAKLEY, J.—There is little dispute as to the facts. The accident occurred between 5:30 and 7 a.m. on April 29, 1964. Plaintiff-appellant Carrick was a guest in the boat of the defendant-repondent Pound. Appellant was experienced in boat travel, having been around boats all his life, and at one time he had been in charge of a commercial fishing boat. The respondent's boat was a noncommercial pleasure boat used exclusively for fishing by the respondent. A 16-footer, made of wood, the boat was proceeding full-throttle downstream in the Sacramento River at a speed of approximately 15 miles per hour. Respondent was operating the boat from the bow and was in exclusive control. Appellant was seated in the stern, facing upstream with his back toward respondent.

Visibility along the surface of the water was between 400 and 500 feet. Respondent described the surface of the river as normal, a bit choppy but fairly smooth. Appellant described the water as quite choppy. There is no evidence that the appellant, or any other guest in the boat, was holding onto a seat or other support to prevent being thrown, thus indicating that the surface was not rough enough to require such support. Prior to the moment of the accident, no swell or other

unusual wave had been encountered. Without warning, a swell appeared immediately in front of the boat, creating a trough approximately 1½ feet high and 6 to 7 feet wide. The swell was observed simultaneously by the respondent and by Jerry Buckingham, who was seated alongside the respondent in the bow. Respondent and Buckingham testified that the boat hit the swell and dropped into the trough, and that respondent reacted normally by pulling the throttle from fully open to the closed or slow position. The appellant testified that the boat came to a stop; respondent and Buckingham stated that it continued in a slow forward motion. There is no question that the boat decelerated sharply, and that appellant fell backward onto a tackle box. Appellant instituted this action to recover for injuries allegedly suffered as a result of the fall. Respondent denies negligence, and denies that the physical condition for which appellant seeks recovery is the result of his fall in the boat.

In proceedings preliminary to trial, the court, in keeping with appellant's theory of the case and over defendant's objections, ruled that federal maritime law, and not state law, controlled.[1] For reasons which will appear shortly, it is unnecessary for us to consider that issue.

The first issue on appeal is the court's refusal to give the conditional res ipsa loquitur instruction offered by the appellant, and adapted from Mathes and Devitt, Federal Jury Practice and Instructions—Civil and Criminal, Instruction No. 73.08. We are not prepared to say, as does appellant, that: ''The forms of instructions set forth in 2 BAJI 1967 Pocket Part, Nos. 206 et seq, are substantially and in all material respects the same as the federal instruction, requested and refused.'' However, our independent research discloses that under federal law, as under California law, these elements must be present in order for the doctrine to apply:

First, that the accident is of a kind which ordinarily does not occur in the absence of someone's negligence;

Second, that it was caused by an agency or instrumentality under the exclusive control of the defendant; and

Third, that the accident was not due to any voluntary action on the part of the plaintiff.

(*San Juan Light & Transit Co.* v. *Requena*, 224 U.S. 89 [56 L.Ed. 680, 32 S.Ct. 399]; *United States* v. *Johnson* (9th Cir.

---

[1]*Blevens* v. *Sfetku*, 259 Cal.App.2d 527 [66 Cal.Rptr. 486]; but see Stolz, *Pleasure Boating and Admiralty: Erie at Sea* (1963) 51 Cal. L.Rev. 661.

1947) 160 F.2d 789; *Shahinian v. McCormick,* 59 Cal.2d 554 [30 Cal.Rptr. 521, 381 P.2d 377].)

In determining whether the res ipsa loquitur doctrine is applicable, and, therefore, whether the instruction should be given "the court must balance the probabilities," i.e., might the injury have occurred in spite of the exercise of due caution. (Witkin, Cal. Evidence (2d ed. 1966) § 288, p. 247.)

"Use or exclusion of the rule thus turns on a 'balance of probabilities.' Where no balance of probabilities in favor of negligence can be found, res ipsa loquitur does not apply." (*Houser v. Floyd,* 220 Cal.App.2d 778, 783-784 [34 Cal.Rptr. 96, 94 A.L.R.2d 1423]; see *Zentz v. Coca Cola Bottling Co.,* 39 Cal.2d 436 [247 P.2d 344].)

In *Lockhart v. Martin,* 159 Cal.App.2d 760 [324 P.2d 340], the plaintiff was injured when he fell to the deck of a commercial fishing boat on which he was a patron. He attributed his fall to a "sudden jerking of the boat." The court granted a nonsuit. Plaintiff appealed contending that the court should have given the res ipsa loquitur instruction. The judgment was affirmed, the court holding that: "The cause of plaintiff's fall was the sudden movement of the boat which caused him to lose his balance. There is no evidence that the sudden movement of the boat was due to any negligence on the part of defendant or his employees.

"       .    .    .    .    .    .    .    .    .    .    .

"Applying these principles to the instant factual picture, it is clear that the trial judge reached the correct conclusion in holding that res ipsa loquitur was not here applicable. It is a matter of common knowledge that the movements of fishing boats and other small water craft are constantly affected by the waves and thereby made unsteady, and that this is true without regard to the care exercised in their operation. The bigger the waves the more vigorous is the impact on the boat and the more severe and sudden the lurch or jerk caused thereby. Anyone who has ever been on such a boat or who has observed their movements from the shore, particularly when the tide was coming in has observed how the waves upon occasion cause these boats to pitch and churn. Such vigorous and unpredictable movements may readily cause a person to lose his balance and fall as did the plaintiff here. This is simply one of the natural hazards of this type of venture. In the circumstances of this case it was at least equally probable that the sudden movement of the boat that threw plaintiff off

balance, resulting in his fall, was caused by a wave hitting the boat as that it resulted from any negligent act or omission in operation of the boat. Accordingly, it cannot be said that it was more likely than not that the accident was caused by the negligence of defendant, and hence the case was not a proper one for the application of the doctrine of res ipsa loquitur. [Citations.]" (*Lockhart* v. *Martin, supra,* 159 Cal.App.2d 760, 762-763.)

For the reasons stated in *Lockhart,* we hold that the court correctly refused to instruct the jury as to the doctrine of res ipsa loquitur.

■ We hold further that it cannot be said that the agency or instrumentality causing the accident was under the exclusive control of the respondent. The instrumentality was twofold, viz., an act of nature in the form of a sudden swell coupled with the respondent's very normal reaction of decelerating to minimize the impact. True, appellant did not testify as to the presence of the swell. However, it is established by the uncontradicted testimony of the two men in the bow of the boat, and by inference that some object or instrumentality outside the boat, and not under respondent's control, caused respondent to decelerate suddenly.

The situation is not unlike that of a large chuck hole in a roadway which looms suddenly in front of the driver of a car, who is proceeding at a reasonable rate of speed and who is alert for hazards in front of him. His natural and proper reaction is to decelerate to avoid or cushion the impact. If, instead, he continues at full speed into the hole and his passenger is injured, most certainly such passenger (absent the guest law) will have a cause of action for negligence. Similarly, had respondent not decelerated on observing the swell immediately in front of his boat, and had he continued full speed into the swell, the probabilities are strong that the men seated in the stern would have been thrown by the sudden impact just as they were thrown by the boat striking the swell, by the deceleration, or by the combination of the two. In that case, the plaintiff no doubt would have claimed negligence for not decelerating as would the passenger of the car in our hypothetical case.

The second error urged by appellant is predicated upon the court's giving the "mere happening of an accident" instruction. (See BAJI No. 131.1 and Federal Jury Practice and Instructions—Civil and Criminal, *supra,* No. 73.07.) It has been held numerous times that it is not error to give such an

instruction where a res ipsa loquitur instruction is not given. (*Akins* v. *County of Sonoma,* 67 Cal.2d 185 [60 Cal.Rptr. 499, 430 P.2d 57].)

Since appellant's specifications of error must be rejected and the judgment affirmed, it is unnecessary to consider the court's refusal to grant respondent's pretrial motion for summary judgment predicated upon the California Guest Law as applied to pleasure boats. (Harb. & Nav. Code, § 661.1.)[2]

The order denying appellant's motion for a new trial is not appealable (*DeBurgh* v. *DeBurgh,* 39 Cal.2d 858 [250 P.2d 598]).

The judgment is affirmed.

Stone, P. J., concurred.