Preli v South Ferry, Inc. (2025 NY Slip Op 01960)

Preli v South Ferry, Inc.

2025 NY Slip Op 01960

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-09200
 (Index No. 612350/21)

[*1]Joseph Preli, appellant, 
v
South Ferry, Inc., et al., respondents.

Sacco & Fillas, LLP, Astoria, NY (Philip R. Reid of counsel), for appellant.
Victoria A. Turchetti, New York, NY (Joseph R. Federici, Jr., of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated July 17, 2023. The order, insofar as appealed from, granted the defendants' cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries he allegedly sustained while he was a passenger on their ferry. The plaintiff alleged, inter alia, that while onboard the ferry with his motorcycle, the ferry struck a water pylon and/or a dock due to the defendants' negligence, which caused his motorcycle to tip over and resulted in his injuries.
The defendants cross-moved for summary judgment dismissing the complaint, contending that the plaintiff's own negligent acts were the sole proximate cause of his alleged injuries and that the defendants did not owe a duty to warn the plaintiff of open and obvious dangers on a ferry. In an order dated July 17, 2023, the Supreme Court, among other things, granted the defendants' cross-motion. The plaintiff appeals.
"[T]he owner of a ship in navigable waters owes to all who are on board for purposes not inimical to his [or her] legitimate interests the duty of exercising reasonable care under the circumstances of each case" (Kermarec v Compagnie Generale Transatlantique , 358 US 625, 632). Here, the defendants established, prima facie, that, under the circumstances, they operated their ferry in a reasonably safe manner, they had no duty to warn of open and obvious dangers, and that any violation of 46 CFR 78.40-1(a), 78.40-5(a), 185.340(a), and 185.340(b) was not a proximate cause of the accident (see In re Oldham , 2022 WL 2804685, 2022 US Dist LEXIS 130815 [SD Fla, May 17, 2022, No. 21-60563-CIV]; The Complaint of Boston Boat III, LLC v Galioto , 2015 WL 5444162, 2015 US Dist LEXIS 123486 [SD Fla, Sept. 16, 2015, No. 13-62116-CIV]; Lockhart v Martin , 159 Cal App 2d 760, 763, 324 P2d 340, 342; see generally Alvarez v Prospect Hosp. , 68 NY2d 320; Bennett v Town of Brookhaven , 233 AD2d 356). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' cross-motion for summary judgment dismissing the complaint.
LASALLE, P.J., FORD, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court